**In the Matter of Bonnie Sue EDENBURN a/k/a Bonnie Sue Roberts, Debtor.**

**Bonnie Sue EDENBURN a/k/a Bonnie Sue Roberts, Plaintiff,**

**v.**

**PACIFIC FINANCE LOANS, a California Corporation and Security Federal Credit Union, a Michigan Corporation, Defendants.**

**Bankruptcy No. 80–00188.**
**Adv. No. 80–0081.**

United States Bankruptcy Court, E. D. Michigan, S. D.

March 11, 1981.

Mark C. McGabe, Green, Haldy, Gibbs & McCabe, Flint, Mich., for plaintiff.

J. William Housefield, Jr., O'Rourke, Goldstein, Joseph & Kelly, Flint, Mich., for Pacific Finance Loans.

## OPINION

HAROLD H. BOBIER, Bankruptcy Judge.

### STATEMENT OF FACTS

The plaintiff, Bonnie Sue Edenburn, executed a promissory note in order to secure a

loan from one of the defendants, Pacific Finance Loans, on February 24, 1978. The security for the loan was the plaintiff's household goods which she owned at the time of the execution of the contract and all goods which she acquired within 15 days thereafter. It is conceded by the parties that the interest of the defendant is a non-possessory, non-purchase money security interest in household goods.

On February 28, 1980 the plaintiff filed a petition in this Court under Chapter 7 of the Bankruptcy Code. In the schedules attached to the petition the defendant was listed as a secured creditor. The plaintiff filed a complaint against the defendant on June 10, 1980, which seeks to avoid the lien on the household goods pursuant to Section 522(f) of the Bankruptcy Code. No answer was filed by the defendant within thirty days as provided in Rule 712 of the bankruptcy rules.

Petitions by the plaintiff for an entry of default and default judgment were received by the Court on July 21, 1980 and a default and default judgment were duly entered by the Court on July 22, 1980. Although the defendant filed an answer to the complaint on July 21, 1980, it was not docketed until July 23, 1980, and consequently, there was no notice by the defendant or the Court to the plaintiff of the answer being filed prior to the entry of the default judgment.

On July 24, 1980, at the time set for trial pursuant to the summons and notice of trial which was issued at the time the complaint was filed, counsel for the defendant appeared and was prepared to proceed with trial. Coincidentally, this was the same date set for the discharge hearing. As a result of the entry of the default judgment on July 22, 1980, which counsel for the defendant had not yet received notice of, counsel for the plaintiff did not appear at the appointed time. At the request of the Court, counsel for the defendant made a telephone call to the plaintiff's attorney and requested that he appear to argue the default issue. Subsequently, plaintiff's attorney appeared in Court.

The Court then conducted a hearing during which the parties presented their arguments with respect to the entry of default and default judgment and whether the default judgment should be set aside for good cause shown. At that time, counsel for the defendant stated to the Court that one of the reasons why the answer was not timely filed was because of a substitution of attorneys. In addition, it was expressed by both attorneys that the parties had made an attempt to settle the matter. Defense counsel also indicated that he had filed an answer to the complaint which raised the meritorious defense of the constitutionality of § 522(f) of the Bankruptcy Code. However, counsel for the plaintiff stated that during the course of the negotiations to settle the case counsel for the defendant had agreed that he would not oppose the entry of a default judgment if a settlement could not be reached within the time allowed for an answer to the complaint. At the request of the Court, the parties have submitted memorandum briefs to support their respective positions.

## ISSUES

The questions presented are: (1) whether the default judgment was properly entered by the Court, and (2) whether good cause has been shown to set aside the default judgment.

## OPINION AND ORDER

Although it is clear that the framers of the Federal Rules of Bankruptcy Procedure (F.R.B.C. or bankruptcy rules) relied heavily upon the Federal Rules of Civil Procedure (F.R.C.P. or civil rules) in drafting the bankruptcy rules, the civil rules differ from the bankruptcy rules with respect to default procedure. F.R.C.P. 55 contemplates a two-step process in procuring a default judgment. The first step is the entry of default which is accomplished by making a written request for entry of default directed to the clerk of the court and supported by an affidavit. The clerk shall enter the default if it is shown that the party against whom it is sought has failed to plead or

otherwise defend the action and that summons and a copy of the complaint has been served more than twenty days before the request for the entry of default. The second step to the default procedure under the civil rules has two possible substeps, depending upon the local practice of the district court. The most common method of entry of a default judgment is pursuant to F.R.C.P. 55(b)(2) by the Court after notice and a hearing. Although Rule 55(b)(1) provides for the entry of a default judgment by the clerk of the court, the procedure is rarely utilized.

Rule 755 of the bankruptcy rules differs substantially from its counterpart in the civil rules. Sub-paragraph (a) of Rule 755 states:

> When a judgment is sought against a party in adversary proceedings and such party has, without sufficient cause, (1) failed to plead or otherwise defend or, (2) having filed a pleading or motion, is not ready to proceed with trial on the day set therefore in accordance with these rules, the court upon request therefore shall enter a judgment by default.

The bankruptcy rule provides two different grounds for the entry of a default judgment. One is the failure of a party to plead or otherwise defend against the action. The other is when a party is not ready to proceed with trial at the appointed time. Although the defendant in the present case was prepared to proceed with trial at the scheduled time, the reason for the entry of the default judgment against it was for its failure to timely file an answer to the complaint. This occurred prior to the time set for trial.

The major difference between the default procedure in the district court and that in the bankruptcy court is that the clerk of the court plays no role in the entry of a default judgment in the bankruptcy court. The advisory committee's note to Rule 755 provides the explanation for the difference between the civil rule and the bankruptcy rule as follows:

> The distinction between the entry of a default under subdivision (a) of the Civil Rule and the entry of a judgment by default under subdivision (b) of the Civil Rule and the provisions in the later subdivision for a 3-day notice of an application for judgment and for a right of trial by jury have all been eliminated in the bankruptcy rule as inappropriate and unnecessary in adversary proceedings.

■ A careful reading of the rules makes it clear that the entry of a default is not a prerequisite for the entry of a default judgment in the bankruptcy court; whereas, the entry of a default is required by the district court in order to enter a default judgment. Therefore, the default entered in the present case on July 22, 1980 has no bearing on the outcome of the case. However, the default judgment which was entered at the same time was proper and in accordance with Rule 755. The remaining issue then is whether the default judgment entered on July 22, 1980 should be set aside in order that the defendant herein may be allowed to answer the complaint and proceed with its proofs.

■ The standard for setting aside a default judgment is for "good cause." F.R. B.P. 755(b). The same standard would apply under F.R.C.P. 55(c) and the policy behind the rule was well stated in the case of *Gomes v. Williams*, 420 F.2d 1364 (10th Cir. 1970), as follows:

> The preferred disposition of any case is upon its merits and not by default judgment. However, this judicial preference is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies within the domain of the trial judge's discretion. Thus, the trial court ought not reopen a default judgment simply because a request is made by the defaulting party; rather, that party must show that there was good reason for the default and that he has a meritorious defense to the action. (Citations omitted.) *Id.* at 1366.

Rule 924 of the bankruptcy rules expressly adopts Rule 60 of the civil rules as the basis for setting aside a judgment or order of the bankruptcy court. With respect to

**460**

the setting aside of a default judgment, the authors of *Federal Practice and Procedure* state the general rule to be applied and give the following examples:

> Relief may be granted from a default judgment upon a showing that it was a result of mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1). This provision has been applied in a wide variety of circumstances, most of which involve reasons for the default that might be characterized as "excusable" on the basis of the showing made by the movant through affidavits or other evidence. For example, when defendant presents evidence that he received no actual notice of the suit in time to answer, the court is likely to grant relief. Similarly, the judgment may be vacated when the default is due to illness or death, confusion resulting from the withdrawal of counsel, difficulties because defendant is from out-of-state, or misunderstandings between multiple defendants. *Id.* at § 2695, pp. 320–22.

The cases decided under F.R.C.P. 60(b)(1) have generally held that "excusable neglect" is not mere carelessness or negligence. *See Federal Enterprises, Inc. v. Frank Allbritten Motors, Inc.*, 16 F.R.D. 109 (D.C.Mo.1954). In the case of *Ledwith v. Storkan*, 2 F.R.D. 539 (D.C.Neb.1942), the court outlined the perimeters of excusable neglect and the cases where relief had been granted as follows:

> Precisely what circumstances will avail to render the neglect of counsel excusable may not be adequately set down. But some measure of excusability may be gotten from decisions where relief has been granted. They include (a) continuous preoccupation with the trial of a distracting first degree murder case, (b) reliance on assurance by the court or a clerk thereof or opposing counsel as to the time of a trial, (c) failure to reach the place of trial in consequence of casualties in traffic (d) sudden illness of counsel, (3) unanticipated summons to the bedside of a dying relative, and other like incidents. In each instance there was inadvertence or neglect which intercepted the timely performance of a required act, but there was likewise some disturbing and distracting event which rendered the error excusable. *Id.* at 544.

There has been no showing in the present proceedings which rises to the level of excusable neglect necessary to set aside the default judgment entered herein on July 22, 1980. Although counsel for the defendant has stated that there may be a meritorious defense to the plaintiff's complaint, namely the constitutionality of § 522(f) of the Bankruptcy Code, there is nothing contained in the record to excuse the failure to file a timely answer. The assertions that the parties were in the process of settling the matter and that there was a substitution of defense counsel is not persuasive. Therefore, the default judgment shall not be set aside.