**In the Matter of ARCTIC ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 3–81–00280.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Dec. 31, 1981.

Melvin Orenstein, Minneapolis, Minn., appeared for debtor.

William I. Kampf, St. Paul, Minn., Daniel Duffy, Omaha, Neb., for Southwest Petro Chem, Inc.

Donald R. Johnston, Minneapolis, Minn., for Unsecured Creditors' Committee.

Howard Patrick, Minneapolis, Minn., for Continental National Bank of Illinois.

Jan Stuurmans, Minneapolis, Minn., Thomas Flaherty, Omaha, Neb., for Milton J. Lehr.

JACOB DIM, Bankruptcy Judge.

The above-entitled matter came duly on for hearing before the undersigned Judge of Bankruptcy Court upon the Motion of Southwest Petro Chem, Inc., a Delaware corporation, and Arctic Enterprises, Inc., Debtor in Possession for an Order vacating this Court's prior Order of November 4, 1981 and for an Order assuming and assigning a certain executory contract dated October 25, 1968 by and between Milton J. Lehr and Isobel L. Lehr and General Appliance Mfg. Co.

At that time it appeared that all interested parties were served on December 21, 1981 with the above-mentioned Motion and a Notice of the Hearing.

NOW, THEREFORE, based upon the arguments of counsel as well as all the files and records and evidence presented herein,

THE COURT FINDS:

1. On or about October 25, 1968, Milton J. Lehr and Isobel L. Lehr leased certain business property located in Douglas County, Nebraska, to General Appliance Mfg. Co. ("Lessee").

2. As of March 31, 1973, Arctic Enterprises, Inc. herein succeeded to the rights and obligation of Lessee under said Lease pursuant to the terms of the Assignment.

3. In April, 1974, Milton J. Lehr acquired from Isobel L. Lehr all her rights to the property described in the Lease pursuant to a quit claim deed.

4. On or about August 14, 1975, Arctic Enterprises, Inc. sublet the property described in the Lease to Southwest Grease & Oil Co. (Omaha), Inc. (hereinafter "Southwest") pursuant to a sublease, consents and agreement (hereinafter "Sublease").

5. Said Sublease was guaranteed by Southwest Petro Chem, Inc., a Kansas corporation, which guarantee was assumed by Southwest Petro Chem, Inc., a Delaware corporation, a parent of the Sublessees.

6. On or about August 3, 1976, Arctic Enterprises, Inc. executed a consent to assignment of said Sublease from Southwest to the County of Douglas, State of Nebraska, as a portion of a refinancing by way of issuance of industrial revenue bonds for improvement on the premises.

7. On or about October 30, 1978, Lehr assigned all of his interest in the Lease and in the rents thereunder to Morris Levey as security.

8. Southwest Petro Chem, Inc. and its subsidiary have paid currently all obligations under the Lease.

9. Witco Chemical Corporation (Witco) is a public company whose stock is traded on the New York Stock Exchange and which owns all of the outstanding stock of Southwest Petro Chem, Inc. The shareholders' net equity in Witco as of December 31, 1980 is $266,417,000.00. Witco represented to the Court its willingness to guarantee all obligations of the Lessee and the Sublessees under the Lease aforementioned and to indemnify the Lessor and Arctic Enterprises, Inc. against any deficiency resulting from failure to make payment or to otherwise perform on the Lease by Southwest Petro Chem, Inc., its wholly-owned subsidiary.

10. Based upon the foregoing, Arctic Enterprises, Inc. has represented to the Court that it is willing to remain liable under the Lease.

11. On November 4, 1981, the Debtor in the above-entitled matter presented an Application for Rejection of Executory Contract to this Court which Application requested the aforementioned Lease be rejected. No actual or constructive notice of said Application was ever given to Southwest Petro Chem, Inc. It appears that the Application and Order were mailed to Southwest Petro Chem, Inc., but were returned by the postal service with a stamp which disclosed the reason for return as "Moved, Authorized Time for Forwarding Expired". As a result it appears that no notice was given to Southwest Petro Chem, Inc. until after the time to appeal from this Court's Order of November 4, 1981 rejecting the aforementioned contract had run. Due process would require that timely notice of the rejection of a lease be given to all parties to said lease.

12. Rule 60(b) of the Federal Rules of Civil Procedure provides:

"... On motion and upon such terms as are just, the court may relieve a party or his legal representative from a ... order ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect: .... The motion shall be made within a reasonable time, and for reasons (1), ... not more than one year after the ... order ... was entered or taken .... This rule does not limit the power of a court to entertain an independent action to relieve a party from a ... order ... not actually personally notified as provided in Title 28, U.S.C., § 1655, ...."

All of the foregoing would indicate that there are grounds pursuant to Rule 60(b) of the Federal Rules of Civil Procedure as made applicable to this proceeding by Bankruptcy Rules 924 and 11–63 for vacation and relief from the Order based upon mistake, inadvertence, surprise or excusable neglect. See *Blois v. Friday*, 612 F.2d 938 (5th Cir. 1980).

13. The Court further finds that Milton J. Lehr has suffered no prejudice as a result of the aforedescribed Order and that the interests of the parties are sufficiently protected by the relief herein set forth consist-

ent with the contractual rights and obligations of the parties as set forth in the said lease. This Motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure was made in a timely fashion after discovery of entry of the aforementioned Order of November 4, 1981 and well within one (1) year subsequent to the entry of the Order.

14. 11 U.S.C. § 365(f)(1) provides as follows:

"... notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection. (2) The trustee may assign an executory contract or unexpired lease of the debtor only if—

(A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

(B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease...."

IT IS, THEREFORE, ORDERED that this Court's prior Order dated November 4, 1981 authorizing the Debtor to reject a certain executory contract dated October 25, 1968 by and between Milton J. Lehr and Isobel L. Lehr and General Appliance Mfg. Co. herewith is in all respects herewith set aside and vacated, and the relationships of the parties prior to the entry of said Order are hereby reinstated.

IT IS HEREWITH FURTHER ORDERED that Arctic Enterprises, Inc., Debtor in the above-entitled proceeding is herewith authorized to assume that certain lease entered into by and between Milton J. Lehr and Isobel L. Lehr and General Appliance Mfg. Co., for certain business property located in Douglas County, State of Nebraska on October 25, 1968 and succeeded to by Arctic Enterprises, Inc. on March 31, 1973 and to assign the same to Southwest Petro Chem, Inc., a Delaware corporation, pursuant to 11 U.S.C. § 365(f)(1) of the Bank-

ruptcy Code and that adequate assurance of future performance on said Lease by said Assignee is supplied by the guarantee by Witco Chemical Corporation of future performance thereunder as well as the continuing liability of Arctic Enterprises, Inc. (Assignor) of future performance thereunder and that said assumption and assignment is herewith ordered conditioned upon the delivery of said guarantee by Witco Chemical Corporation.