Toney GOMES, Jr., Appellant,

v.

Ellen L. WILLIAMS, Appellee.

No. 213–68.

United States Court of Appeals
Tenth Circuit.

Jan. 13, 1970.

Paul S. Cronin, Albuquerque, N. M. (John J. Duhigg, Albuquerque, N. M., on the brief), for appellant.

Charles C. Spann, of Grantham, Spann, Sanchez & Rager, Albuquerque, N. M., for appellee.

Before LEWIS, HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

For defendant's failure to plead or otherwise defend, default judgment was entered by the court on plaintiff's first cause of action for fraud or false representations in the amount of $153,788.46, plus costs. Defendant's motion to set aside the default judgment was denied and he has appealed.

This case involves a woman plaintiff, a male defendant, and the former's money—the apparent object of the relationship. Following the introduction of the parties in early 1963, they became good friends and began seeing each other constantly. Marriage plans were soon discussed but the ceremony was delayed while Williams prepared to join appellant's church. Gomes was a building contractor who represented himself to be a successful, solvent business man who owned substantial amounts of property in New Mexico, Texas, California and Arizona, and was allegedly engaged in several construction contracts which, when completed, would pay substantial profits.

Two years passed during which time Gomes offered varied reasons why he could not marry but why he needed additional sums of money from Williams. Apparently on the basis of the financial representations of appellant and his promise to marry, appellee was induced to make several loans, pay obligations and pledge her assets and property as security for appellant's notes and obligations. The net result of appellee's relationship with appellant is that she has paid over $9000 in interest since 1965, has sustained losses on sales of stock and other collateral in the amount of some $22,755, and either remains secondarily liable or is the assignee of notes she has been required to pay, in excess of $100,000. In March, 1965, Gomes executed an instrument stating that he was principally liable on three notes worth $86,836 and that upon payment of the debts, Ellen Williams' securities would be returned. Gomes has failed to tender any payment, resulting in an impairment of appellee's collateral, which prompted her to file suit. The last time Williams saw Gomes was in mid-1965 when she unsuccessfully attempted to recover some of the money due.

The original summons of September 21, 1966, was returned not served "as his whereabouts are unknown." Seven months later a further summons was issued and served by leaving it with Gomes' father at defendant's usual place of abode—his parent's home in Albuquerque. On January 29, 1968, appellant was personally served at Laredo, Texas, under authority of the New Mexico long arm statute. Thereafter, according to Gomes, he mailed that summons to his lawyer, Mr. Duhigg, in Albuquerque on February 17, 1968, but his attorney never received it. The explanation proffered is that the letter was lost in a mail truck fire which destroyed 99% of the items mailed from the Laredo area on that date. On March 7, 1968, default was applied for and entered and on the 22nd, appellee argued a motion for default judgment which was granted and entered on April 17, 1968. In mid-July, Gomes filed a motion to set aside the default judgment. At the proceedings, Gomes' attorney argued that the instant suit was but an offshoot of a state court case involving the identical parties and issues and that this suit was filed

only because Williams was not allowed to amend the state court complaint. It was further urged that there was a good and valid explanation of Gomes' failure to answer (the mail truck fire); that Gomes had a defense to the claims and to the fraud charge; and that notice of the federal court suit was never given to defendant or his attorney.

The order denying the motion stated that the defendant failed to "furnish facts showing he has a meritorious defense" and "failed to establish that he has a good excuse for failure to appear" and "that there are no grounds of mistake, inadvertence, excusable neglect, or any other reason which would justify the Court in setting aside said Default Judgment." In his brief Gomes seeks relief on two principle grounds: (1) the delay in responding to the suit was due to excusable neglect under Rule 60(b), F.R. Civ.P., 28 U.S.C.A.; and (2) Rule 55(b) (2), F.R.Civ.P., 28 U.S.C.A. required written notice of the application for judgment at least three days prior to the hearing on that application.

 The preferred disposition of any case is upon its merits and not by default judgment. Meeker v. Rizley, 324 F.2d 269 (10th Cir. 1963). However, this judicial preference is counterbalanced by considerations of social goals, justice and expediency,[1] a weighing process which lies largely within the domain of the trial judge's discretion.[2] Thus, the trial court ought not reopen a default judgment simply because a request is made by the defaulting party; rather, that party must show that there was good reason for the default and that he

has a meritorious defense to the action.[3] Regarding the latter, the only statement made by Gomes' attorney was the following: "We do have a good defense to the claim itself, but especially we have a good defense to any allegation of fraud." Such a bald allegation, without the support of facts underlying the defense, will not sustain the burden of the defaulting party under Rule 60(b).[4] In an attempt to determine the meritorious nature of a defense, the trial court must have before it more than mere allegations that a defense exists. This alone was sufficient basis to deny Rule 60(b) relief. Appellant attempts to justify the faulty proffer by saying that since fraud is a plaintiff's burden and since it was not satisfactorily proved by her, the best defense available to Gomes was a denial of the fraudulent misrepresentations. Proof of fraud under New Mexico law requires clear and convincing evidence.[5] In this regard, appellant argues that no proof was offered to show that the statements of Gomes which induced Williams to act, were false or fraudulent.

 The plaintiff's burden in a fraud case is not so heavy. Indeed, he must establish by clear and convincing evidence that a fraud occurred but it need not be by positive and direct evidence, "but may be established by facts and circumstances sufficient to support the conclusion of fraud." Greene v. Esquibel, 58 N.M. 429, 272 P.2d 330, 334 (1954). It must be concluded from the court's judgment that the circumstances surrounding the entire relationship were sufficient to establish a prima facie case of fraud. Gomes admits that he owes the money to Williams. The fact that sever-

1. 3 Barron and Holtzoff § 1217, at 89.

2. Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Co., 383 F.2d 249 (4th Cir. 1967); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3d Cir. 1951).

3. 3 Barron and Holtzoff § 1217, at 89–91; cf. Consolidated Masonry and Fireproofing, Inc. v. Wagman Const. Co., 383 F. 2d 249 (4th Cir. 1967); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (3d Cir. 1951); Bruce v. Paxton, 31 F.R.D.

197 (E.D.Ark.1962); 7 Moore's Fed. Pract. ¶ 60.19 at 224–26.

4. Consolidated Masonry and Fireproofing, Inc. v. Wagman Const. Co., 383 F.2d at 251–252; see also Stuski v. United States Lines, 31 F.R.D. 188, 191 (E.D.Pa.1962); Bruce v. Paxton, 31 F.R.D. at 200.

5. Sauter v. St. Michael's College, 70 N.M. 380, 374 P.2d 134 (1962); Mosely v. Nat'l Bankers Life Ins. Co., 66 N.M. 330, 347 P.2d 755 (1959).

al of the notes have become due and have been paid by and assigned to Williams without even the smallest tender by Gomes is indicative of something less than good faith. In addition, the depositions of Gomes' parents clearly reflect that the property allegedly owned by appellant was either repossessed, about to be foreclosed or attached, or title was actually in someone else's name. Each of these things, individually, would give the court grounds to be suspect, but cumulatively they provide adequate facts and circumstances to support the conclusion of fraud.

■ Noting that disposition of motions under Rules 55(c) and 60(b) are largely within the discretion of the trial court, our decision is limited to determining whether the trial court was clearly wrong in denying the motion to set aside the default judgment.[6] After reviewing the record, appellate briefs and oral arguments, we are unable to say that they do not support the trial court's order.

■■ The other point raised is that due process was violated by appellee's failure to serve notice on Gomes or his attorney under Rule 55(b) (2). The question now presented was raised for the first time in appellant's briefs. It is the settled rule in this Circuit that issues not raised and presented to the trial court will not be considered on appeal,[7] except that in exceptional cases, where a question of law is raised, consideration will be given to prevent manifest injustice.[8] Because of the due process implications we will decide the question on the merits.

■ The pertinent portion of Rule 55(b) (2) provides that written notice of the application for default judgment must be served on the party against whom the default judgment is sought if he has appeared personally or by representative. As appellant recognizes, the applicability of this Rule depends on whether an appearance was made by Gomes or his representative. It is further conceded that a formal appearance was never entered but that an appearance was otherwise made by words and actions. The roots of this argument are in the state court action involving the same parties, which was filed in January, 1966, by Williams. A formal entry was made by appellant's attorney in that case. On September 21, 1966, appellee filed the present action in federal court and then, several months later, sought to amend the state court complaint to include many of the same allegations as urged in federal court, but was denied. In light of these circumstances, Gomes argues that Williams knew who represented Gomes and should have served notice on that attorney prior to the default judgment.

Two cases relied upon by appellant are clearly distinguishable on their facts.[9] In those cases the plaintiffs' lawyers were aware of defendants' appearances by virtue of a positive act by the latter. In his reply brief, Gomes admits as much but urges that Press v. Forest Laboratories, Inc., 45 F.R.D. 354 (S.D.N.Y. 1968), is on all fours with the instant case. That case stands for the proposition that where two actions have been filed and plaintiff knows that counsel who appeared for the defendants in the first action also represents the same de-

6. Kaiser Aluminum & Chem. Corp. v. United States, 409 F.2d 238 (Ct.Cl. 1969); Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136 (10th Cir. 1966); Abel v. Tinsley, 338 F.2d 514 (10th Cir. 1964).

7. Eureka-Carlisle Co. v. Rottman, 398 F.2d 1015 (10th Cir. 1968); Justheim Petroleum Co. v. Hammond, 227 F.2d 629 (10th Cir. 1955); State ex rel. Williams v. Neustadt, 149 F.2d 143 (10th Cir. 1945).

8. Bartlett-Collins Co. v. Surinam Navigation Co., 381 F.2d 546 (10th Cir. 1967); State ex rel. Williams v. Neustadt, 149 F.2d 143 (10th Cir. 1945).

9. Hutton v. Fisher, 359 F.2d 913 (3d Cir. 1966); Dalminter, Inc. v. Jessie Edwards, Inc., 27 F.R.D. 491 (S.D.Tex. 1961).

fendants in the second action where no formal appearance is made, by legal construction, there is a technical appearance under Rule 55(b) (2) requiring notice. Upon that point, the Press and Gomes cases differ. In August, 1967, the deposition of Mrs. Toney Gomes, Sr., the mother of appellant, was taken. At that time Gomes' lawyer in the state court action appeared as the deponent's attorney and stated that he represented Mrs. Gomes and not Toney Gomes, Jr., in the instant suit.

While the attorney for Gomes now states that he thought the deposition was for the state court proceeding, a careful reading of the proceeding will not support that contention. There was no question regarding service of process in the state court action; this was the subject matter of Mrs. Gomes' deposition. Furthermore, it is visibly apparent that the questioning concerned a federal court suit. As if anticipating this very problem, Williams' attorney concluded the deposition by asking: "I believe Mr. Duhigg, for the record, you are representing in this action Mrs. Toney Gomes, Sr., not Toney, Jr., but it is correct that you are representing Toney, Jr., in the State Court action which I referred to, in a State Court action?" To which Mr. Duhigg responded: "I have withdrawn from some and maybe still in some, I don't have any recollection." There can be little doubt that if Toney Gomes, Jr., were being represented in the state and federal court actions by Mr. Duhigg, he would have made it clear at the taking of Mrs. Gomes' deposition. However, he affirmatively stated that he was not representing Toney, Jr., in the federal suit, and was unable to recall if he still represented Toney, Jr., in the state court suit. From these admissions we cannot conclude that Williams' attorney was required to anticipate future representation of Gomes by Duhigg and thereby was not under a duty to serve notice on either Gomes or Mr. Duhigg.

■ Appellant challenges our right to review the depositions of Mr. and Mrs. Toney Gomes, Sr., since they were not part of the original record on appeal, were not introduced into evidence and were not considered by the trial judge. Appellant ignores two occurrences which permit our consideration of these documents. First, both parties stipulated, pursuant to Rule 10(e), F.R.App.P., 28 U.S.C.A., that the depositions should be added to the record on appeal; and second, the trial court did in fact consider the depositions and so stated in its Judgment of April 17, 1968.

The judgment is accordingly affirmed.