Mary THOMAS, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.

No. 80–573C(4).

United States District Court, E. D. Missouri, E. D.

Dec. 12, 1980.

Richard Chase, Legal Services of Eastern Mo., St. Louis, Mo., for plaintiff.

Bruce D. White, Asst. U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on defendant's motion to set aside a judgment by default entered on September 18, 1980. For the reasons stated below, defendant's motion will be denied.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final determination by defendant denying an award of Surviving Children's benefits for plaintiff's minor daughter, pursuant to 42 U.S.C. § 416(h)(2)(A).

Plaintiff's complaint was served on the United States Attorney, as counsel for defendant, on May 7, 1980. Defendant filed no response. On August 1, 1980, the Court directed the clerk to enter default against the defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Defendant sought leave to file an answer to plaintiff's complaint on August 4, 1980. No memorandum was submitted in support of defendant's request.

At a hearing on September 15, 1980, counsel for defendant appeared, but failed to adequately explain defendant's failure to move to set aside the entry of default pursuant to Rule 55(c), Fed.R.Civ.P. Therefore, the Court denied defendant's request for leave to file an answer. Judgment by default was entered against defendant on September 18, 1980.

Defendant now moves the Court to set aside the judgment by default, pursuant to Rule 55(c) and Rule 60(b), Fed.R.Civ.P.

■ In support of the motion, defendant argues that the pendency of a parallel action before another court of the Eastern District of Missouri, combined with bureaucratic delays, resulted in defendant's failure to respond timely to plaintiff's complaint.

The Court finds defendant's argument unpersuasive. Rule 12(a) of the Federal Rules of Civil Procedure provides that the United States, or an officer or an agent thereof, shall have sixty days in which to file an answer, whereas other litigants must file a response within twenty days, or risk the sanction of judgment by default. The additional time provided the United States and its officers is clearly intended to account for bureaucratic problems, such as those of which counsel for defendant complains.

In the instant case, defendant made no effort to file a responsive pleading until nearly ninety days after the complaint had been served. No effort was made to relieve the defendant from the entry of default until the hearing prior to the entry of judgment by default. Finally, no effort was made to relieve defendant of the judgment by default for an additional two months, resulting in total delays of approximately four months after defendant's response was due.

The preferred disposition of any case is upon its merits, rather than judgment by default. This judicial preference must be balanced, however, by considerations of social goals, justice, and expediency, a weighing process which lies largely within the trial judge's discretion. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

The Court has a legitimate interest in enforcing compliance with its procedural rules, as well as a duty to protect the right of litigants to a prompt disposition of their claims. To relieve defendant of the judgment by default after four months of delay would result in further prolongation of the final determination of plaintiff's claim. *See Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 253 (4th Cir. 1974), holding that delay in seeking relief from a default judgment may properly be considered by the district court in determining whether to grant such relief.

■ Defendant next argues that the Court lacks jurisdiction to enter judgment by default against the United States without prior consideration of the transcript of the record, and a determination that there was no substantial evidence to support the Secretary's determination. *See* 42 U.S.C. § 405(g); Rule 55(e), Fed.R.Civ.P.

The Secretary's factual findings are not in dispute. Rather, plaintiff's complaint

rests solely upon a legal question of the unconstitutionality of the Missouri statute on which the Secretary relied in making her determination. Further, the parties agreed that this cause should proceed without filing an administrative transcript, in recognition that the only issue presented by plaintiff's complaint is one of constitutional law. (*See* "Exhibit A" attached to defendant's memorandum in support of the motion to set aside judgment by default.) In such circumstances, the Court has jurisdiction to review the denial of benefits where the denial was based upon the plain wording of a statute alleged to be unconstitutional. *Weinberger v. Salfi,* 422 U.S. 749, 764, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975).

As a condition for entry of judgment by default against the United States, the Court must determine that plaintiff has established her right to relief "by evidence satisfactory to the Court." Rule 55(e), Fed. R.Civ.P. Whether plaintiff has met this burden depends upon plaintiff's likelihood of success in her constitutional attack.

The Court concludes that plaintiff's constitutional attack is sufficiently likely to succeed such that the Court is satisfied of plaintiff's right to recover. *See Trimble v. Gordon,* 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977).

The Illinois intestate succession statute which the Supreme Court held unconstitutional in *Trimble* read:

> "An illegitimate child is heir of his mother and of any maternal ancestor, and of any person from whom his mother might have inherited, if living; and the lawful issue of an illegitimate person shall represent such person and take, by descent, any estate which the parent would have taken, if living. A child who was illegitimate whose parents inter-marry and who is acknowledged by the father as the father's child is legitimate." Ill.Rev.Stat. Ch. 3, § 12.

The Missouri intestate succession statutes which plaintiff attacks in the instant case read:

> "Illegitimate children are capable of inheriting and transmitting inheritance on the part of their mother, and a mother may inherit from her illegitimate children, in like manner as if they had been lawfully begotten of her. Mo.Rev.Stat. § 474.060.

> "If a man, having by a woman a child or children, afterward intermarries with her and recognizes the child or children to be his they are thereby legitimated." Mo. Rev.Stat. § 474.070.

As defendant candidly concedes, there is no meaningful basis for distinguishing the Illinois statute in *Trimble,* and the Missouri statutes at issue in the present case. The Court is satisfied that plaintiff has sufficiently established her likelihood of success on the merits of her case, and therefore her right to relief.

Therefore, defendant's motion to set aside the judgment by default entered on September 18, 1980, will be denied.