Wesley J. BARTA and Rita I. Barta, Plaintiffs-Appellees,

v.

Carl F. LONG, Christopher C. Long, Caddo Western Development Corporation and Frontier Pipeline Co., Inc., Defendants-Appellants.

No. 80–1037.

United States Court of Appeals, Tenth Circuit.

Argued Sept. 28, 1981.

Decided Feb. 8, 1982.

*See* Tenth Circuit R. 5; Bankruptcy R. 801.

John B. Rathmel of Render & Kamas, Wichita, Kan., for defendants-appellants.

James D. Oliver of Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., for plaintiffs-appellees.

Before SETH, Chief Judge, BREITEN-STEIN, Circuit Judge, and KUNZIG,* Judge.

SETH, Chief Judge.

This is an appeal taken from a default judgment entered for the plaintiffs in an action alleging common law fraud and securities fraud arising from an oil well drilling venture. The individual defendants are husband and wife and the corporate defendants are corporations they control. Defendants answered and filed a counterclaim. Some discovery was had including depositions of the individual defendants.

The defendants failed to answer several questions in a set of interrogatories served on them and failed to answer a set of interrogatories so served. The magistrate entered an order as a sanction for defendants' failure which struck defendants' pleadings. The district court thereafter entered a default judgment. The defendants filed a motion under Rules 60(b) and 55(c) to set aside the default. This was denied and the defendants took an appeal from the default judgment and from the denial of their 60(b) motion.

The appeal was taken about two and one-half months after the entry of judgment but within 30 days of the order denying the 60(b) motion.

As mentioned, there had been discovery by way of depositions and the production of records and documents. The depositions of both individual defendants had been taken. Other discovery was sought by way of interrogatories.

The plaintiffs served a set of interrogatories on the defendants on December 1. There were no answers filed and on January 23 plaintiffs moved to compel answers.

An order was entered on February 20 directing that answers be made. This was done at a pretrial conference. At another pretrial conference on April 23 it was brought to the court's attention that two interrogatories directed to the Longs and two to the defendant corporations had not been answered pursuant to the court's order of February 20. The court then ordered that defendants answer by May 7.

Another pretrial conference was held on July 6 at which time the court was advised that the questions had not been answered, and no objection or contest had been filed. The court by letter to counsel of July 9 advised defendants that action had to be taken by September 11. At this pretrial conference the court considered another failure by the defendants to answer. This was to a set of interrogatories served on defendants on April 11. Also, no objections had been filed to these interrogatories.

On July 9 plaintiffs filed a motion that sanctions be imposed for the failure of defendants to comply with the court's order of April 23 and for an order that defendants answer and sanctions be imposed for the failure to answer the second set of interrogatories. By September 11 defendants had not complied with the court's orders to answer and had filed no responses or objections to the interrogatories. The magistrate thereupon by way of sanctions entered an order at the September 11 pretrial conference striking defendants' pleadings. On October 4 plaintiffs moved for a default judgment and the court set it down for hearing on October 15. By October 15 the defendants had filed no answers to the interrogatories nor advanced any reasons why they had not been answered and had filed no motions to set aside the order of the magistrate. Arguments were had before the district judge on October 15. The depositions and proof of damages were admitted. At the conclusion the default judgments were entered for fraud and breach of

* Honorable Robert L. Kunzig, Judge of the United States Court of Claims, sitting by designa-tion.

contract. The dollar figures were derived from the proof of money advanced. Thus compensatory damages were in the amount of $234,360.00. Fifty thousand dollars was added as punitive damages.

On November 13 defendants filed Rule 60(b) motions seeking to set aside the default judgment on the ground of excusable neglect and to permit answers and counterclaims to be filed. Defendants did not offer to answer the interrogatories. The motion was denied without further hearing by order of November 29. The defendants filed a notice of appeal on December 28 or about two and one-half months after the default judgment (October 15). The appeal is sought to be taken from the default judgment and from the denial of the 60(b) motion.

The authorities now generally hold that the filing of a motion under Rule 60(b) does not toll the time in which an appeal may be taken from the judgment. The defendants rely on *United States v. Schlotfeldt*, 136 F.2d 935 (7th Cir.), which was an early case on the point but now is not considered to state the applicable rule. *See* 7 Moore's Federal Practice ¶ 60.29 (2d ed.), and the comments of the Advisory Committee in 1946. Wright and Miller in their *Federal Practice and Procedure* § 2871 also comment that *Schlotfeldt* cannot be considered as authority on the point. Thus we must hold that the time for taking an appeal from the judgment as such had expired before this appeal was taken.

We will therefore consider this appeal as directed to the trial court's denial of defendants' Rule 60(b) motion seeking to set aside the default judgment entered as a sanction for failure to follow the court's orders directed to the interrogatories. It needs no citation of authority to state that defaults are not favored. The standards to be applied when motions are made under Rules 55(c) and 60(b) have been set out by this court in *Gomes v. Williams*, 420 F.2d 1364 (10th Cir.), and in *In Re Stone*, 588 F.2d 1316 (10th Cir.). *See also Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156 (6th Cir.). The requirements include a diligent effort by the movant to seek relief under Rule 60(b) with the filing of the motion within a reasonable time, a demonstration that there was a good or acceptable reason for the default, and a defendant must show that he had a meritorious defense.

The defendants argue that good cause was shown for the default. They state:

"Defendants contend that the withdrawal of their counsel and the resulting confusion created during the pendency of plaintiffs' motion for sanctions and the court's subsequent entry of default judgment is sufficient legal excuse for defendants' failure to provide answers to interrogatories prior to the entry of default judgment against them."

Defendants in this statement overlook the several orders of February 20, April 23, and July 9, notices, and letters which preceded the motion for sanctions. Furthermore, during this period there were no reasons expressed for the failure to answer nor challenges to the questions. The record shows that defendants were represented at all times by local counsel or nonresident counsel. The record shows that the individual defendants had considerable experience in litigation and apparently were then seeking to set aside a similar default, had entered into a consent decree with the Securities Exchange Commission, had been involved in a corporate bankruptcy and in other suits. The defendants knew their responsibilities and duties in the circumstances. As mentioned, they were also represented at all times. The record demonstrates that defendants' failures to comply with the orders of the court were deliberate.

The defendants had the burden under Rule 60(b) to demonstrate there was a valid defense. We so held in *Gomes v. Williams*, 420 F.2d 1364 (10th Cir.). The defendants here cannot rely on conclusory statements. We noted in *Gomes*, which was also a fraud case, that a statement that "[w]e do have a good defense" and that "especially we have a good defense to any allegation of fraud" was not enough. We then held:

"Such a bald allegation, without the support of facts underlying the defense, will not sustain the burden of the defaulting party under Rule 60(b). In an attempt to determine the meritorious nature of a defense, the trial court must have before it more than mere allegations that a defense exists."

See also In Re Stone, 588 F.2d 1316 (10th Cir.).

The record contains several depositions which describe the scheme whereby the individual defendants, using the corporate defendants which they controlled, were able to profit secretly from the investments made by the plaintiffs in the drilling of the wells. The funds provided by the plaintiffs were to a large part diverted to the personal use of the defendants and no accountings were produced. The defense advanced on appeal by the defendants is that the arrangement was a business deal which failed. However, the record demonstrates otherwise and supports the allegations of the complaint.

We will not upset the decision of the trial court in its holding on the 60(b) motion unless an abuse of discretion is demonstrated, or the decision is clearly wrong. We so held in Gomes v. Williams, 420 F.2d 1364 (10th Cir.). In Meeker v. Rizley, 324 F.2d 269 (10th Cir.), we expressed the same standard as to a plaintiff's failure to prosecute or comply with the rules of procedure. In Gomes we said:

"Noting that disposition of motions under Rules 55(c) and 60(b) are largely within the discretion of the trial court, our decision is limited to determining whether the trial court was clearly wrong in denying the motion to set aside the default judgment."

The trial court in no way abused its discretion in its denial of the Rule 60(b) motion.

AFFIRMED.