**In the Matter of Doris June WALKER, Debtor.**

**Hugh A. MINER, trustee in bankruptcy, Plaintiff,**

v.

**John Harlan RISEN, Sr. and Mary E. Risen, Defendant.**

**Bankruptcy No. 82–00025–SJ. Adv. No. 82–00833–SJ.**

United States Bankruptcy Court, W. D. Missouri, St. Joseph Division.

July 22, 1982.

Hugh A. Miner, St. Joseph, Mo., pro se.

Arthur Meers, St. Joseph, Mo., for defendant.

## ORDER DIRECTING DEFENDANTS TO SHOW CAUSE, WITHIN 12 DAYS, WHY MOTION TO SET ASIDE DEFAULT JUDGMENT SHOULD NOT BE DENIED

DENNIS J. STEWART, Bankruptcy Judge.

On June 21, 1982, the court entered a Final Judgment of Default in favor of the plaintiff due to the defendants' failure to file a responsive pleading to the complaint. On July 8, 1982, the defendants filed a motion to set aside the final judgment, stating that the attorney for the debtors did not receive the Summons and Notice of Trial or Pre-trial Conference from his clients until after the return date. Accordingly, the defendants request that the final judgment be set aside and a full hearing convened.

Since the defendants have failed to file their motion for a new trial or amendment of the judgment in a timely fashion,[1] relief from the judgment is governed by the confines of Rule 60 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 60 specifically designates six reasons which may justify relief from a judgment. However, the defendants have not asserted any of these reasons in support of their motion. Furthermore, the defendants admit that they were deprived of representation due to their own neglect. It is beyond the power of the court, in the absence of a meritorious excuse, to disturb the judgment under such circumstances. The neglect in this action is two fold: Without now assigning any excuse for the late filing, counsel admits that the answer was first sought to be filed on June 25, 1982, which is 17 days after the date on which it was due, June 8, 1982. Further, the defendants do not state any reason why they did not timely file a motion to alter, amend, or set aside the default judgment within 10 days. And Rule 60(b)(2) is available only if the facts constituting a meritorious defense could not have been discovered within the 10 day period following judgment. 7 Moore's Federal Practice ¶ 60.23[3], p. 271 (1982). In fact, furthermore, neither the late answer nor the motion for relief from the judgment contains anything which would indicate the existence of a meritorious defense beyond the most conclusionary statement to this effect. "The showing required to justify opening of a default is something more than a perfunctory statement that a meritorious defense exists. The defaulting party may be required to demonstrate by affidavit or otherwise that there is a factual or legal basis for the tendered defense." 6 Moore's Federal Practice ¶ 55.10, p. 55–233, n. 14 (1982). "In an attempt to determine the meritorious nature of a defense, the trial court must have before it more than mere allegations that a defense exists." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

For the foregoing reasons, it appears that the motion to set aside the default judgment, without more, has no merit. The defendants will be granted an opportunity to show in more detail why the answer was

---

1. Rule 59(b) of the Federal Rules of Civil Procedure provides that, "A motion for new trial shall be served not later than 10 days after the entry of the judgment."

Fed.R.Civ.P. 59(e) states the same time limit for motions to alter or amend the judgment.

filed so late and why the motion for relief from the judgment was not filed within 10 days thereof and, by affidavit or other acceptable documentation, what factual and legal basis exists for their assertions that they have a meritorious defense.

It is therefore, for the foregoing reasons,

ORDERED that the defendants show cause, in writing within 12 days of the date of entry of this order, why their motion to set aside the default judgment should not be denied.