In re John P. UTSICK, a/k/a Jack Utsick, Jack Utsick Presents, d/b/a J.P. Productions, Debtor.

GOLDEN ARK ENTERPRISES, Plaintiff,

v.

John P. UTSICK, Defendant.

Bankruptcy No. 183–00186.
Adv. No. 183–0061.

United States Bankruptcy Court,
D. Maine.

Dec. 7, 1983.

Peter Plumb, Portland, Me., for defendant.

Jeffrey Rosenblatt, Lewiston, Me., for plaintiff.

___

## ORDER OF COURT

JAMES A. GOODMAN, Bankruptcy Judge.

On April 26, 1983, plaintiff served a summons and complaint to determine dischargeability of a debt upon the debtor and upon the debtor's attorney by first class mail. The debtor failed to answer the complaint by May 25, 1983 as required by the summons. The debtor also failed to attend the scheduled pre-trial conference held on June 1, 1983. Upon plaintiff's motion, a default judgment was entered against the debtor on June 6, 1983.

On July 8, 1983, the debtor filed a motion to set aside the default judgment. On November 14, 1983, defendant filed a supporting affidavit, alleging that between May 5, 1983 and June 17, 1983 he was not represented by counsel. The debtor further made the bare allegation that he has "meritorious defenses to the Plaintiff's complaint. . . ."

The Bankruptcy Rules incorporate Fed.R.Civ.P. 60(b) as the standard for setting aside a default judgment. *See* Bankruptcy Rules 755(b), 924 (superceded by new Bankruptcy Rules on August 1, 1983); *see also* Bankruptcy Rules 7055, 9024. It is well settled that a trial court ought not reopen a default judgment unless the moving party shows, *inter alia,* that he has a meritorious defense to the action. *Barta v. Long,* 670 F.2d 907, 909 (10th Cir.1982);

*Chandler Leasing Corp. v. UCC, Inc.,* 91 F.R.D. 81, 84 (N.D.Ill.1981); 6 Moore's Federal Practice ¶ 55.10[1] (2d ed. 1983). "[A] bald allegation, [that the moving party has a meritorious defense,] without the support of facts underlying the defense, will not sustain the burden of the defaulting party under Rule 60(b)." *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir.1970) (footnote omitted).

 Default judgments, however, are not favored in the law. Where no intervening rights have attached in reliance upon the judgment, courts incline toward granting relief. 11 A. Wright & C. Miller, *Federal Practice and Procedure* § 2857 (1970). "It has been said that 'courts will not permit technicalities to prevent them from remedying injustice.'" *Trueblood v. Grayson Shops of Tennessee, Inc.,* 32 F.R.D. 190, 197 (E.D.Va.1963). Here, it appears that plaintiff will suffer little, if any, prejudice should the default judgment be vacated. While the debtor has failed to show that he has a meritorious defense (indeed, debtor has failed to file a proposed answer to the complaint), the Court is willing to grant debtor an opportunity to show in detail the basis for his alleged meritorious defenses.[1] *See Miner v. Risen (In re Walker),* 22 B.R. 776, 777–78 (Bkrtcy.W.D.Mo.1982); *see also Trueblood,* 32 F.R.D. at 196–97. It is

ORDERED, that within 10 days of the date of this order, debtor show by affidavit or other acceptable documentation what factual and legal basis exists for his assertion that he has meritorious defenses.

---

[1]. The Court expresses no opinion at this time as to whether debtor's motion meets the standards of Fed.R.Civ.P. 60(b) other than the requirement of showing a meritorious defense.