RHODE ISLAND HOSPITAL TRUST
NATIONAL BANK

v.

David W. DUBE, Kerry L. Kunst and
Larry T. Kunst.

Civ. A. No. 89–0606B.

United States District Court,
D. Rhode Island.

Sept. 12, 1990.

As Amended Sept. 21, 1990.

**38**

Anthony F. Muri, Leo Wold, Goldenberg & Muri, Providence, R.I., for plaintiffs.

Stephen M. Miller, Providence, R.I., for defendants.

## FINDINGS AND RECOMMENDATION

JACOB HAGOPIAN, United States Magistrate.

The instant matters have been referred to the United States Magistrate for Findings and Recommendation pursuant to 28 U.S.C. § 636. Presently before the Court are defendants' motions to extend the time for filing a notice of appeal pursuant to Fed.R.App.P. 4(a)(5), and for relief from judgment pursuant to Fed.R.Civ.P. 60(b). In addition, plaintiff, Rhode Island Hospital Trust National Bank (Bank), has filed a motion for an award of attorney's fees.

*Statement of Facts*

Plaintiff's complaint avers the following. On December 30, 1987, the Bank and a Rhode Island general partnership known as 16 Mary Street Associates (Partnership), formed by the defendants, entered into a loan agreement by which the Bank loaned $500,000 to the Partnership for improving real estate in Newport, Rhode Island. The Partnership executed a promissory note in the principal amount of the loan. Also, each defendant executed a guaranty securing the obligations of the Partnership to the Bank.

After failing to make scheduled payments of principal and interest, the Partnership went into default under the terms of its loan agreement with the Bank. On October 16, 1989, the Partnership filed a Chapter 11 petition (89–10949) in the United States Bankruptcy Court for the District of Rhode Island.

Consequently, the Bank filed a complaint against the defendants on November 3, 1989, relying on their individual guaranties to recover the amounts due. After failing to serve the defendants by mail, the Bank's summons and complaint were served by alternative means on December 6, 1989.

After the time for filing an answer had passed, the Bank made a request for default under Fed.R.Civ.P. 55(a) on January 5, 1990. On January 31, 1990, the Clerk of this Court entered a Notice of Default.

On March 13, 1990, the Bank filed its request to enter judgment by default under Fed.R.Civ.P. 55(b)(1). The Bank's request was served on each defendant and their attorney, Stephen M. Miller. Judgment by default was entered on March 27, 1990 against the three defendants, jointly and severally, in the amount of $461,611.87, with costs.

On April 23, 1990, defendants filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b), and a motion to extend time for filing a notice of appeal pursuant to Fed.R.App.P. 4(a)(5). Plaintiff has filed objections to defendants' motions and has requested an award of attorney's fees.

*Defendants' Motion for Relief from Judgment*

Motions to set aside default judgments pursuant to Fed.R.Civ.P. 60(b) are addressed to the discretion of the trial court. *Taylor v. Boston and Taunton Transportation Co.,* 720 F.2d 731, 732 (1st Cir.1983); *American Metals Service Export Co. v. Ahrens Aircraft, Inc.,* 666 F.2d 718, 720 (1st Cir.1981). A party seeking

relief must demonstrate that he has a meritorious defense and that one of the conditions of Rule 60(b) applies. *American Metals Service Export Co., supra.* Although there is a preference for allowing cases to be resolved on the merits, it is the District Court's duty to weigh the reasons for and against setting aside a default judgment. *American & Foreign Insurance Association v. Commercial Insurance Co.,* 575 F.2d 980, 983 (1st Cir.1978). Accordingly, the determination to be made in the matter before this Court is whether the defendants have set out a meritorious defense with "required specificity" and further, whether one of the conditions stated in Fed.R.Civ.P. 60(b) applies. *American Metals Service Export Co., supra.*

Defendants do not raise a meritorious defense in support of their motion to vacate the default judgment. They argue that because the Partnership is in bankruptcy, the automatic stay provision of 11 U.S.C. § 362 is applicable, preventing the Bank's instant action. Section 362(a) provides:

> Except as provided in subsection (b) of this section, a petition filed under Section 301, 302 or 303 of this title ... operates as a stay applicable to all entities, of (1) the commencement or continuation, including the issuance or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding *against the debtor* that was or could have commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title ... (emphasis added)

Section 362(a) automatically stays proceedings against the debtor only and not co-debtors. *Otoe County National Bank v. W & P Trucking, Inc.,* 754 F.2d 881, 883 (10th Cir.1985); *Williford v. Armstrong World Industries, Inc.,* 715 F.2d 124, 126–27 (4th Cir.1983); *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 544 (5th Cir.1983). Further, Section 362 does not apply automatically "... to actions against a debtor's principals, partners, officers, employees, guarantors, or sureties." *In re MacDonald/Associates, Inc.,* 54 B.R. 865, 867 (Bankr.D.R.I.1985). Because the Bank's action is against defendants individually, as guarantors of the loan, imposition of a stay of actions against them would be without statutory authority and thus improper.

In addition to the failure of presenting a meritorious defense, defendants have not demonstrated that one of the conditions of Rule 60 has been satisfied. Defendants seek to vacate the default judgment against them on the grounds of surprise, excusable neglect, and mistake. They allege surprise because the instant action was commenced while the Partnership was in bankruptcy proceedings. However, the action against the Partnership and the action against the individual defendants are distinct matters. Defendants should not have been surprised that the Bank chose to file an action to enforce the guaranties given by the defendants. Further, any existence of surprise should have been negated by the fact that defendants had nearly four months to defend against the Bank's action before default judgment was entered on March 27, 1990.

Defendants also argue excusable neglect as a basis for vacating the default judgment. They claim that their efforts of actively seeking financing to resolve their debts justifies a finding of excusable neglect. However, defendants acknowledged service of the complaint against them. Also, defendants' bankruptcy counsel and their present counsel became aware of the instant action in time to prevent the entry of judgment by default. Even in the absence of client blameworthiness, the First Circuit has refused to find excusable neglect, and remove a default judgment where the client's attorney was mistaken as to a filing deadline. *United States v. Proceeds of Sale of 3,888 Pounds of Atlantic Sea Scallops,* 857 F.2d 46 (1st Cir.1988). The argument that defendants were too busy attempting to find financing to file an answer does not justify a finding of excusable neglect.

Mistake is also advanced by defendants as a basis for vacating the default. Their

argument is that if the automatic stay in the bankruptcy proceedings does not prevent the action against them in their individual capacities, they are the victims of mistake. Defendants claim they relied on the bankruptcy proceedings to protect them against claims based on their personal guaranties. Defendants' beliefs do not rise to the required level of mistake; neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1). *See Ben Sager Chemicals International, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir.1977); *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir.1973). The defendants' ignorance of the application of the automatic stay, which protected the debtor Partnership only, is not a cognizable mistake under Rule 60.

Finally, defendants argue relief from judgment pursuant to Fed.R.Civ.P. 60(b)(4) which provides that a party may be relieved from a void judgment. They claim that because the Partnership is in bankruptcy proceedings, the automatic stay prevented entry of the default judgment in the instant matter, making it voidable. As discussed above, this analysis fails due to the distinction which must be made between the individual defendants, who are not in bankruptcy, and the Partnership.

*Defendants' Motion for Extension of Time for Filing a Notice of Appeal*

■ Pursuant to Fed.R.App.P. 4(a)(5), "The District Court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." In *Pontarelli v. Stone*, 713 F.Supp. 525 (D.R.I.1989), this Court denied a motion to extend time for filing a notice of appeal, finding that neither excusable neglect nor good cause had been shown. The Court interpreted Rule 4(a)(5) such that:

> While there is a dearth of case law discussing good cause in the context of Rule 4(a)(5), it is clear, from the foregoing, that one seeking an extension of time pursuant to that rule, under either that standard or that of excusable neglect, must clear two hurdles. First, the movant must present a good reason excusing or explaining the failure to file a valid notice of appeal within the prescribed time. Second, the movant must present countervailing factors sufficient to warrant overlooking the failure. *Id.* at 528.

To support their motion, defendants rely on the same facts and law as set forth in their motion for relief from judgment. However, an application of *Pontarelli* to the instant matter demands that a good reason be presented explaining the failure to file a notice of appeal. The defendants' claims of active attempts to seek financing, surprise of the Bank's instant action against them, and reliance on the bankruptcy proceedings for protection, do not explain the failure to file a notice of appeal. Further, defendants have presented no countervailing factors sufficient to warrant overlooking the failure to file. In conclusion, their reasons given in support of their motion for relief from judgment do not support their motion for extension of time for filing a notice of appeal. Defendants have demonstrated neither excusable neglect nor good cause as required by Fed.R.App.P. 4(a)(5). Their motion for an extension of time should be denied.

*The Bank's Request for an Award of Attorneys' Fees*

■ The Bank bases its attorneys' fees request on Fed.R.Civ.P. 11, and on the terms of the guaranties made by the defendants. Rule 11 provides that if an attorney files a pleading, motion, or other paper without a belief

> ... formed after reasonable inquiry that it is well grounded in fact and is warranted by existing law, or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ... the court ... shall impose ... an appropriate sanction, which may include an order to pay to the other party ... the amount of the rea-

sonable expenses incurred because of the filing of the pleading, motion, or paper, including a reasonable attorney's fee. Fed.R.Civ.P. 11.

The purpose of the Rule is to discourage baseless claims and defenses and other abusive tactics that needlessly increase the cost and duration of litigation. That purpose is effectuated by emphasizing the obligations assumed by participants in the process and by mandating sanctions when those obligations are violated. *Muthig v. Brant Point Nantucket, Inc.,* 838 F.2d 600, 604 (1st Cir.1988); Fed.R.Civ.P. 11 Advisory Committee Notes.

■ Sanctions may be imposed where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. *See Kale v. Combined Insurance Co. of America,* 861 F.2d 746, 759 (1st Cir.1988).

■ The pervasive theme of defendants' memorandum in support of their motions is that the bankruptcy proceedings should have prevented the present action grounded on the individual guaranties. I find that defendants' arguments in support of their motions are minimally sufficient and can thus avoid defendants' motions for fees pursuant to Rule 11. A competent attorney, after reasonable inquiry, could have found authority for the position advanced by defendants because the Bankruptcy Court is empowered to "... enjoin the prosecution of suits brought in other courts which may impair the debtor's plan and administration of the estate." *In re Mac-Donald, supra* at 867. Accordingly, I find and recommend that sanctions pursuant to Rule 11 are not warranted.

■ However, the Bank has also requested an award of attorneys' fees based on the terms of the guaranties made by the defendants. The guaranties are contractual agreements between the parties and thus represent the bargain they created. Paragraph 7(h) of each of the individual guarantees reads:

Guarantor shall pay Bank, on demand, for all costs, attorneys' fees and other expenses which Bank may incur in the enforcement of this Guaranty ..."

This provision of the guarantees is not contested by the defendants. Accordingly, I find that the Bank's request for attorneys' fees pursuant to the contractual agreement between the parties, should be granted.

■ A magistrate's Finding and Recommendation is filed herewith pursuant to Title 28 U.S.C. Section 636(b)(1)(B). Any objection to this Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of the receipt of the Recommendation. Rule 32, Local Rules of Court; Rule 72(b), Fed.R.Civ.P. Failure to timely file specific objections to the magistrate's Recommendation, findings or report is a waiver of the right to review by the District Court. *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986).

■ A review of the magistrate's Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the magistrate. *Paterson–Leitch v. Massachusetts Elec.,* 840 F.2d 985 (1st Cir. 1988).

*Recommendation*

Accordingly, plaintiff's motion for attorney's fees should be denied in part and granted in part for the above stated reasons. Defendants' motions to extend time for filing a notice of appeal and for relief from judgment should be denied. I so recommend to the Court.