**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KARL GRANT LOSEE,

     Plaintiff-Appellant,

v.

DAVID MORRELL; PAUL
GARDNER; LARRY BUSSIO;
STEVEN TURLEY; LOWELL
CLARK; TOM PATTERSON;
HOLLY NEVILLE; ALFRED
BIGELOW; CRAIG BALLS; BILLIE
CASPER; TOM ANDERSON;
KERRY GALETKA; ANNA LEE
CARLSON; WAYNE BULKLEY;
REX TALBOT; JERRY POPE; C.
GALLEGOS; ROBERT RIGBY;
HEATHER HENRIE; MAYNA
FULLER-MYER,

     Defendants-Appellees,

and

WAYNE FREESTONE; DAVID
ANGERHOFER,

     Defendants.

No. 14-4148
(D.C. No. 2:11-CV-00080-TC)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

[*]    The parties do not request oral argument, and the Court has determined that oral argument would not materially aid our consideration of the appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

(continued)

_____

Before **MATHESON**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Mr. Karl Losee is a state prisoner who sued under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights. The district court dismissed the claims against Mr. Wayne Freestone and Mr. David Angerhofer and granted summary judgment to the remaining defendants. The district court entered final judgment on April 3, 2014. Mr. Losee moved to alter or amend the judgment, and the district court denied the motion. Eight days later, Mr. Losee appealed, but did not say whether he was appealing the judgment or the order denying his motion to alter or amend. We affirm.

## Appeal of the Judgment

The threshold issue involves the extent of our appellate jurisdiction. In our view, jurisdiction is confined to review of the order denying the motion to alter or amend.

To appeal the underlying judgment, Mr. Losee had to file the notice of appeal within 30 days of the entry of judgment.[1] Mr. Losee didn't file anything in this 30-day period. But 55 days after entry of the judgment, he

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1]    Fed. R. App. P. 4(a)(1)(A).

2

filed a motion to alter or amend the judgment, invoking Federal Rules of Civil Procedure 59(e) and 60(b).

This kind of motion can toll the time to file a notice of appeal regarding the judgment, but only if the motion is filed within 28 days of the entry of judgment.[2] This 28-day period had ended long before Mr. Losee filed his motion.

"Compliance with filing requirements is mandatory and jurisdictional."[3] We lack jurisdiction to review the judgment because (1) Mr. Losee waited more than 30 days to file the notice of appeal and (2) his post-judgment motion was not filed within the 28-day period.[4]

**Appeal of the Order Denying the Motion to Alter or Amend**

But Mr. Losee filed the notice of appeal within 30 days of the denial of his motion to alter or amend the judgment. Thus, we have jurisdiction to review that ruling.[5]

In the motion, Mr. Losee argued that the district court had "committed plain and fatal error in ordering the grant of summary

---

[2]     *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi); Fed. R. Civ. P. 59(e).

[3]     *Vanderwerf v. SmithKline Beecham Corp*., 603 F.3d 842, 845 (10th Cir. 2010) (internal quotation marks omitted).

[4]     *See id.* at 848.

[5]     *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1008 (10th Cir. 2000).

judgment . . . since the defendants openly admitted guilt . . . and because the pleadings filed, when viewed in the light most favorable to the petitioner, . . . [were] enough to defeat summary judgment."[6] In response, the defendants argued that Mr. Losee had failed to show "an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice."[7] The district court denied Mr. Losee's motion, explaining that it had "thoroughly revisited its Order granting summary judgment and [saw] no error, plain or otherwise, that call[ed] into question the correctness of its ruling."[8]

We review that ruling for abuse of discretion.[9] Applying this standard, we conclude that the district court did not abuse its discretion because (1) Rules 59(e) and 60(b) cannot be used to reargue points already briefed and decided,[10] and (2) Mr. Losee's argument consisted only of a

---

[6]    R., Vol. 1 at 532.

[7]    *Id*. at 538-39.

[8]    *Id.* at 540. Mr. Losee also asked Judge Robert Shelby to consider the motion to alter or amend even though his assigned judge was Judge Tena Campbell, rather than Judge Shelby.

[9]    *See Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

[10]    *See Servants of Paraclete*, 204 F.3d at 1012 (stating that a motion to reconsider under Rule 59(e) "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing"); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242

(continued)

4

single conclusory sentence saying that the district court should not have granted the summary judgment motion.[11]  Accordingly, we affirm the district court's order denying the motion to alter or amend the judgment. Appellant's Motion for Leave to Proceed Without Prepayment of Costs or Fees is granted.  Mr. Losee is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

(10th Cir. 2006) ("Rule 60(b) relief is not available to allow a party merely to reargue issues previously addressed to the court.").

[11]  *See Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (stating that the district court did not abuse its discretion in denying a motion under Rule 59(e) based only on conclusory statements); *Barta v. Long*, 670 F.2d 907, 909 (10th Cir. 1982) (stating that the party invoking Rule 60(b) could not rely on conclusory statements).