United States Court of Appeals,

Fifth Circuit.

Nos. 91-2798, 91-6046.

Jerry A. PEASE, Plaintiff-Appellant,

v.

PAKHOED CORP., et al., Defendants-Appellees.

Jerry A. PEASE, Plaintiff-Appellee,

v.

PAKHOED CORP., et al., Defendants-Appellants.

Jan. 11, 1993.

Appeals from the United States District Court for the Southern District of Texas.

Before KING, WILLIAMS and SMITH, Circuit Judges.

JERRE S. WILLIAMS, CIRCUIT JUDGE:

Pease claims that his employers (collectively "Pakhoed"), fired him because he refused to engage in fraudulent activities. The district court dismissed with prejudice Pease's action because Pease failed to comply with the court's order for a more definite statement. In No. 91-2798, Pease appeals from the district court's order denying Pease's Rule 60(b) Motion for Relief From Judgment. In No. 91-6046, Pakhoed appeals from the district court's order denying Pakhoed's Motion for Sanctions. Because these two cases arise out of the same lawsuit and involve related facts and circumstances, the parties agreed to consolidate for purposes of appeal. We agree with the district court that Pease's claim of wrongful discharge is defective because his pleadings continually fail to reference the specific criminal laws that he alleges Pakhoed directed him to violate. His Rule 60(b) motion fails to cure this defect. We also conclude that the district court's denial of sanctions was within its considerable discretion. We affirm.

## I. FACTS AND PRIOR PROCEEDINGS

The parties quarrel over the specifics of "who did and knew what when," but the underlying facts that inform our decision are relatively straightforward. Pease was hired by Pakhoed in 1975

and, through a series of promotions, ultimately secured a managerial position. According to Pease, he was demoted in September 1988 because he refused to participate in a fraudulent scheme proposed by his superiors.

In early 1989, Pease consulted with Mr. David Garner, an attorney in Galveston, Texas. Garner addressed correspondence to Pakhoed and later transferred the case to Mr. Stephen Williams, a solo practitioner who had an office sharing and sublease association with Garner's law firm. Negotiations between Williams and Pakhoed's in-house counsel failed to resolve Pease's complaints, and Pease was terminated on May 12, 1989. Pease eventually filed suit in Texas state court in October 1989, alleging wrongful discharge and age discrimination. Pakhoed removed the case to federal district court.[1]

In November 1989, shortly after removal, Pakhoed filed a Motion for a More Definite Statement. Specifically, Pakhoed requested the court to require Pease to plead his allegations with greater precision:

> Plaintiff does not specifically identify the alleged conduct which he refused to take part in which allegedly resulted in his termination. While the complaint alleges that Plaintiff was terminated because of his failure to cover up, conceal or falsify material facts[,] the pleading is too vague to allow Defendants [to] file a responsive pleading.... In order for Defendants to file a responsive pleading it is necessary that Plaintiff more definitely state his grounds for estopping application of [the "employment at will"] doctrine.... Defendants are clearly entitled to know the alleged criminal act which Plaintiff was asked to perform. (footnote omitted)

Williams failed to respond to the motion, and in April 1990 the district court, reciting

---

[1]The age discrimination claim is the subject of a cursory allegation in Pease's original complaint. It is not raised on appeal and apparently was dropped in the district court. Under Texas law, an employee who alleges wrongful discharge for refusing to perform a criminal act cannot advance additional claims. *See, e.g.,* Sabine Pilot Serv., Inc. v. Hauck, *687 S.W.2d 733, 735 (Tex.1985);* Hancock v. Express One Intern., Inc., *800 S.W.2d 634, 636 (Tex.App.—Dallas 1990, writ denied (Nov. 11, 1992)). Our recent decision in* Guthrie v. Tifco Industries, *941 F.2d 374, 379 (5th Cir.1991) is determinative: "Because the refusal to perform an illegal act must be the sole reason for the plaintiff's discharge, Guthrie's claims of age discrimination and wrongful discharge are mutually exclusive."*

The district court retained federal jurisdiction. The vague allegations concerning activities in connection with the use of the U.S. mails and other means of communication such as the telephone and telegraph could have resulted in asserting in more specific allegations that federal criminal statutes regulating these activities possibly would have been involved.

Williams's failure to respond, entered an order requiring Pease to submit an amended complaint containing a more definite statement within thirty days. Again, Williams did not respond. Pakhoed immediately filed a Motion to Dismiss. In December 1990, following a hearing that Williams failed to attend, the district court dismissed Pease's complaint with prejudice for failure to (1) comply with the court's earlier order requiring a more definite statement, (2) respond to the Motion to Dismiss, and (3) appear at the hearing. Three months later, Pease, who was unaware of the dismissal, grew dissatisfied with Williams's representation (or lack thereof)[2] and engaged different counsel, who informed Pease in April 1991 that his suit had been dismissed the previous December.

In May 1991, Pease's new attorneys, Messrs. Jack Ewing and Thomas McQuage, filed a Rule 60(b) Motion for Relief from Judgment[3] along with supporting affidavits, a proposed amended complaint that was asserted to be in compliance with the More Definite Statement Order, and a supporting memorandum of law. The district court denied the motion. Two months later, Pakhoed moved for sanctions, claiming Pease's unsuccessful Rule 60(b) motion violated Fed.R.Civ.P. 11 and 28 U.S.C. § 1927.[4] The district court denied this motion also. Both Pease and Pakhoed timely appeal the denial of their respective motions.

## II. DISCUSSION

A. *The District Court's Denial of Pease's Rule 60(b) Motion*

As we recently stated in *Bertrand v. Sullivan,* the decision to grant or deny a Rule 60(b)

---

[2]Pease presents a persuasive litany of Williams's dilatory representation. In essence, Pease grew weary of Williams's alleged failures to respond to Pease's communications and produce requested work on Pease's lawsuit.

[3]Fed.R.Civ.P. 60(b), styled "Relief From Judgment or Order," states in pertinent part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....

[4]Rule 11 allows a court to impose sanctions upon an attorney or litigant who files a baseless pleading or motion, one that is not "well grounded in fact and ... warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law[.]" Section 1927 permits a court to assess excess costs, expenses, and attorney's fees against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously[.]"

motion is committed to the sound discretion of the district court and is accorded deferential review. 976 F.2d 977, 979 (5th Cir.1992). Courts are disinclined to disturb judgments under the aegis of Rule 60(b). "To overturn the district court's denial of this 60(b) motion, it is not enough that a grant of the motion might have been permissible or warranted; rather, the decision to deny the motion must have been sufficiently *unwarranted* as to amount to an abuse of discretion." *Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir.1977) (emphasis added). We discern no abuse on the record before us.

The crux of Pease's Rule 60(b) motion is that his former attorney, Williams, essentially abandoned him once the case was transferred to federal court. Despite close monitoring by Pease and abundant assurances from Williams that the case was proceeding in the typical fashion, Pease contends that Williams actually ignored the case. This neglect, he avers, resulted in its ultimate dismissal and justifies relief under the Rule. We need not reach, however, the sharply contested issue of Williams's deleterious conduct, although it occupies the vast portion of the parties' briefs before this Court. A crucial threshold matter renders Pease's plea for Rule 60(b) relief fatally defective: neither Pease's original complaint nor his Rule 60(b) documents assert a meritorious cause of action because they fail to reference specific criminal laws that Pease was told to violate. The district court's Order remains unheeded.

It is well established that Rule 60(b) requires the movant to demonstrate that he possesses a meritorious cause of action. *See, e.g., Lepkowski v. United States Dep't of Treasury,* 804 F.2d 1310, 1314 (D.C.Cir.1986) ("motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense"); *United States v. Parcel of Land, Etc. (Woburn City Athletic Club, Inc.),* 928 F.2d 1, 5 (1st Cir.1991) ("In exercising its discretion under Rule 60(b), the district court must look, *inter alia,* to whether the party seeking relief has a potentially meritorious claim or defense."). The record before us demonstrates that Pease has failed to satisfy this seminal requirement.

Pease's original complaint makes several bare and conclusory allegations regarding:

Plaintiff's failure to and refusal to enter into or continue a conspiracy or to otherwise participate in a scheme to cover up or conceal material facts, or his refusal to falsify, conceal or cover up material facts, or his failure or refusal to make false, fictitious or fraudulent statements or representations, or his failure and refusal to make or use a false writing or

document containing a false, fictitious or fraudulent statement or entry to another by the use of the United States Postal Service or by telephone, telegraph or other governmentally regulated means of communication.

Understandably, Pakhoed argued that Pease's complaint was too vague to allow Pakhoed to file an adequate, responsive pleading. The trial court agreed and ordered Pease to serve an amended and more precise complaint. Particularly, the court ordered Pease to "identify specifically the alleged conduct which Plaintiff refused to take part in ... [and] any criminal law, if any, which Plaintiff refused to violate."[5] As previously stated, Williams never responded to the court's Order. But of greater import here, Pease's new counsel likewise failed to satisfy the court's demands via their Rule 60(b) motion, as the following colloquy from oral argument illustrates:[6]

COURT: In order to get 60(b) relief in this kind of a situation, one of the things you're going to need to show is that you potentially have a meritorious cause of action. What kind of a showing have you made on that? There's no point in worrying about this case unless your client is [asserting a meritorious claim].

COUNSEL: I understand. And the Defendants made a point about that in their Appellees' brief on our appeal. The answer is this: the showing in the context of the dismissal was failure to replead by an amended complaint that showed his wrongful discharge claim. Mr. Ewing, along with his affidavit in our 60(b) motion, presented his amended complaint that he told the district court, "Here's what I'll file if you give me the chance, with particularized allegations of what Mr. Pease is talking about." (Counsel proceeded to cite various provisions of the Texas Penal Code that were never mentioned in the proffered complaint)

COURT: Now did you tell the district judge this in your 60(b) motion?

COUNSEL: We sure didn't explain the criminal statutes to him. What we did in the 60(b) motion was file or present under Mr. Ewing's affidavit the amended complaint that set out these allegations, that Mr. Pease was being asked to participate in a scam to defraud customers.

COURT: Was there a sworn affidavit by Mr. Pease in this paper anywhere?

COUNSEL: There's an affidavit attached to the Rule 60(b) motion. I can't really tell you that it goes into the merits of the discharge and why it was wrongful and what he was asked to do. The affidavit relates to his explanation of why he didn't know what was going on in this case, the Rule 60(b) issues of whether or not he had excusable neglect or mistake or inadvertence in the dismissal of the case. He didn't make an affidavit outlining [the precise facts surrounding his discharge].

---

[5]The court enumerated seven items that required more precise pleading. Of particular emphasis here, though, is the court's plain request that Pease identify the specific criminal laws that Pakhoed ordered him to violate. Because this issue is singularly dispositive, we need not address the effect of counsel's failure to satisfy other components of the court's Order.

[6]In the interest of clarity, all ellipses have been omitted.

COURT: So we have no affidavit by the Plaintiff on the facts that gave rise to his discharge and thereby the Defendants' liability?

COUNSEL: Well, I'd like to say "Yes, we do." But I don't think his affidavit goes to those issues. No, your honor. I don't think it does.

COURT: Does [Ewing] say anywhere in his affidavit that he's made an investigation into the facts here, and he's persuaded that they're well founded.

COUNSEL: Yes, your honor, he does that. My recollection of his language is "I've looked into this case. I've talked to the Plaintiff. I think it's meritorious. I represent to the court I'll pursue it, and here's the complaint I'll file if the court lets me."[7] So there is that much factual basis, I think, for the allegations in the complaint, that he's examined the factual basis, at least by talking to Mr. Pease.

COURT: Why don't you look for the material in there, because I think right now the key issue is what kind of showing is there in this record [that demonstrates Mr. Pease presents a meritorious claim].

COUNSEL (on rebuttal): I'm afraid I'd have to admit [Pease] just does not personally allege the elements of his cause of action of wrongful discharge. He doesn't set out the factual elements that are in the amended complaint.

As Pease's counsel concedes, the district court's order remains unsatisfied, and the record before us fails to demonstrate that Pease has asserted a meritorious claim of wrongful discharge. In Texas, the employment-at-will doctrine is well settled and mandates that a worker may be terminated without cause and at the will of either party. *Hancock,* 800 S.W.2d at 636; *Guthrie,* 941 F.2d at 379. An exception to this doctrine exists for employees discharged "for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot,* 687 S.W.2d at 735. Further, as we recently noted in *Guthrie,* "this narrow exception applies only to employees discharged for refusing to perform acts that carry criminal penalties." 941 F.2d at 379 (citing generally *Hancock,* 800 S.W.2d 733). In *Guthrie,* Plaintiff claimed he was ordered to violate unspecified customs regulations, but he failed to allege that the regulations carried criminal penalties. "Consequently, he could not establish that he was discharged for refusing to perform an illegal act." *Id.* at 379-80.

Our holding in *Guthrie* is dispositive of the instant case. As the above exchange from oral argument establishes, Pease has likewise failed to contend before the district court, either in his

---

[7]Counsel's loose paraphrase is largely correct. What Ewing actually stated in his affidavit is this: "I am of the belief and opinion after a thorough investigation of these documents and a lengthy conference with Mr. Pease that this cause of action is with merit and that as such, I would be willing to assume the handling of this case if it should be reinstated by the Court."

original complaint (that Williams filed) or in his Rule 60(b) documents (that his new counsel filed), that the activities bore criminal penalties. And contrary to Pease's argument to this Court, the proffered Amended Complaint fails to comport with the district court's earlier demand for a more definite statement, particularly the plain requirement that Pease plead the specific criminal statute or statutes that Pakhoed ordered him to violate. The Amended Complaint asserts that Pease was asked to participate in a conspiracy to defraud Pakhoed's customers and clients, but it fails to satisfy the court's request for precise reference to criminal laws.

Moreover, Ewing's bare assertion in his affidavit that "this cause of action is with merit" is insufficient, absent a recitation of specific facts underlying the claim that satisfies the district court's demands. The Tenth Circuit's decision in *Gomes v. Williams,* 420 F.2d 1364, 1366 (10th Cir.1970), is analogous. In *Gomes,* Appellant attempted to set aside a default judgment entered against him on fraud charges by contending that he possessed a meritorious defense to the allegations: "We do have a good defense to the claim itself, but especially we have a good defense to any allegation of fraud." The Tenth Circuit presents an instructive analysis which we apply with equal force to claims. It held:

> Such a bald allegation, without the support of facts underlying the defense, will not sustain the burden of the defaulting party under Rule 60(b). [footnote omitted] In an attempt to determine the meritorious nature of a defense, the trial court must have before it more than mere allegations that a defense exists. This alone was sufficient basis to deny Rule 60(b) relief.

> *Id.* at 1366

Similarly, Ewing's unsubstantiated declaration that a meritorious claim exists is insufficient as a matter of law to sustain his burden under Rule 60(b).

On the record before us, we cannot hold that the district court abused its discretion in denying Pease's Rule 60(b) Motion for Relief. Far from abusive, unwarranted, or even questionable, the district court's order of dismissal seems wholly appropriate.

B. *The District Court's Denial of Pakhoed's Motion for Sanctions*

In No. 91-6046, Pakhoed argues that Pease's Rule 60(b) motion was baseless and vexatiously multiplied the proceedings in the case. It urges that sanctions are merited under both Rule 11 and § 1927. We do not agree.

The Supreme Court has held, "an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990). We review the district court's § 1927 determination under the same deferential standard. *Browning v. Kramer,* 931 F.2d 340, 344 (5th Cir.1991).

In essence, Pakhoed contends that Pease's counsel failed to make sufficient pre-filing inquiries to support the allegations contained within Pease's Rule 60(b) Motion for Relief. The motion, argues Pakhoed, was both factually and legally untenable and simply served to prop up a meritless claim. Although we agree with the district court that Pease's Rule 60(b) claims are unavailing, we conclude that his contentions are not so abusive or frivolous as to violate Rule 11. At the very least, Pease's arguments fall within the protective ambit of Rule 11's "good faith argument" provision, mentioned earlier in note 4.

We likewise refuse to usurp the district court's singular perspective and endorse sanctions under § 1927, a statute we have characterized as involving sanctions which are "penal in nature." *Monk v. Roadway Express, Inc.,* 599 F.2d 1378, 1382 (5th Cir.1979), *aff'd in relevant part sub nom. Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Under § 1927, the fees, expenses, and costs associated with "the persistent prosecution of a meritless claim" may be awarded. *Thomas v. Capital Sec. Serv., Inc.,* 836 F.2d 866, 875 (5th Cir.1988) (en banc). We reject the arguments advanced by Pease's counsel as unpersuasive, but the arguments are not so untenable as to be "vexatious" or "unreasonable." Under turbulent circumstances and difficult time pressures, Pease's new counsel came aboard and pursued Pease's claim in an earnest, albeit unsuccessful, fashion. As we have stated: "Strict construction of this statute is necessary so that the legitimate zeal of an attorney in representing her [or his] client is not dampened." *Browning,* 931 F.2d at 344; *see also* H.R.CONF.REP.NO. 96-1234, 96th Cong., 2d Sess., *reprinted in* 1980 U.S.CODE CONG. & ADMIN. NEWS 2716, 2781, 2782-83.

We conclude that the district court acted within its broad discretion in denying sanctions under both Rule 11 and § 1927. We perceive no compelling reason to disturb its decision. Pakhoed's

request for legal fees and expenses related to the combined appeals is denied, as is Pease's request for costs against Pakhoed in appealing the district court's sanction decision.

## III. CONCLUSION

The district court acted properly in denying the Rule 60(b) motion and in denying sanctions against plaintiff for pursuing the Rule 60(b) motion.

AFFIRMED.