**Doris Gail HOPKINS**

v.

**ACTIONS, INCORPORATED OF BRAZORIA COUNTY.**

**No. CIV. A. G–97–553.**

United States District Court, S.D. Texas, Galveston Division.

Dec. 19, 1997.

---

Andrew Wesley Seibert, Law Firm of Alton C. Todd, Alvin, TX, for Plaintiff.

John Ralph Gilbert, Gilbert Gilbert and Boyd, Angleton, TX, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

KENT, District Judge.

Plaintiff brings this case alleging retaliatory discharge in violation of the federal False Claims Act ("FCA"), 31 U.S.C. § 3730(h). Now before the Court is Defendant's Motion to Dismiss. For the reasons that follow, Defendant's Motion to Dismiss is **DENIED.**

### I. FACTUAL SUMMARY

Prior to her discharge, Plaintiff was employed as an administrative assistant by Defendant. As part of her duties, Plaintiff was responsible for receiving, paying out, and balancing Medicare funds received by her employer. In December 1996, Plaintiff alleges that her supervisor ordered her to use Medicare funds to pay Defendant's payroll and bills. Plaintiff also contends that at that time she was informed that several other employees of Defendant had been instructed by management to forge physician and nurse names on various documents submitted to Medicare for reimbursement. On or about February 5, 1997, after reporting these concerns to management and allegedly receiving no corrective action, Plaintiff immediately informed Defendant's chairman of the alleged illegal activities. Plaintiff contends that she also told the chairman that she intended to inform government authorities of the illegal

activities. Plaintiff was terminated on February 7, 1997.

## II. ANALYSIS

When considering a Motion to Dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint, and views them in the light most favorable to the plaintiff. *See Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993). Such motions should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994).

■ Federal *qui tam* suits are brought under the FCA, which provides penalties for one who knowingly defrauds the government, and also offers incentives to whistle blowers who expose fraud. *See* 31 U.S.C. §§ 3729–3733. The purpose of the FCA is to discourage fraud against the government and encourage those with knowledge of such activities to come forward. *See Robertson v. Bell Helicopter Textron, Inc.*, 32 F.3d 948, 951 (5th Cir.1994). Plaintiff invokes this Court's jurisdiction by alleging retaliation in violation of § 3730(h) of the FCA. Section 3730(h) protects those "whistle blowers" who report false claims against the government. It provides:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other matter discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others *in furtherance of an action under this section*, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.... An employee may bring in an action in the appropriate district court of the United States for the relief provided in this subsection.

31 U.S.C. § 3730(h).

■ In its Motion to Dismiss, Defendant argues that Plaintiff lacks standing to bring a *qui tam* action under the FCA, and therefore, she cannot take advantage of the retaliation provision within that statute. In her Response, Plaintiff does not argue that she had standing to bring a *qui tam* action at the time of her discharge, but instead, relies on language within the retaliation provision that allows recovery for those suffering adverse employment action "in *furtherance* of" such an action. *See id.* Thus, the Court is presented with the question whether a § 3730(h) retaliation claim can be pursued when the individual retaliated against lacked standing to invoke the FCA in the first instance.

In *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex.1985), the Texas Supreme Court created an exception to the employment-at-will doctrine for those employees discharged for the sole reason that the employee refused to perform an illegal act. Thereafter, in *Pease v. Pakhoed Corp.*, 980 F.2d 995, 997 n. 1 (5th Cir.1993), the Fifth Circuit made clear that, in light of *Sabine Pilot*, "an employee who alleges wrongful discharge for refusing to perform a criminal act cannot advance additional claims." Thus, because a finding by this Court that Plaintiff cannot pursue her claim under § 3730(h) will preclude her from seeking recovery for wrongful discharge under *Sabine Pilot*, the question whether Plaintiff's § 3730(h) retaliation claim is viable on these facts gains added significance. *See Robertson*, 32 F.3d at 953 ("Robertson's assertion that he was fired for another reason—in retaliation for investigating a *qui tam* action—precludes his common law claim.").[1]

---

1. This Court expressly disagrees with this part of the *Robertson* holding. The Fifth Circuit in *Guthrie v. Tifco Industries*, 941 F.2d 374, 379 (5th Cir.1991), a case relied on by the *Robertson* court, stated: "Because the refusal to perform an illegal act must be the sole reason for the plaintiff's discharge, Guthrie's claims of age discrimination and wrongful discharge are *mutually ex-* *clusive.*" Simply because an allegedly wronged plaintiff is ultimately determined not to meet the strict requirements of the FCA does not change the nature of the defendant's alleged wrongful conduct; the plaintiff should not be precluded for falling short of the rigorous standards of the FCA, especially when the courts cannot agree about the meaning of that statute.

It is clear that protected conduct under § 3730(h) extends beyond the actual *qui tam* relator to others involved in the suit, including any person who initiated, investigated, testified, or assisted in "an action filed or to be filed" under the FCA. *See* 31 U.S.C. § 3730(h). What is not clear, however, is how far the protections of the statute extend beyond those limits. The Fifth Circuit has not squarely addressed the issue of whether a § 3730(h) retaliation claim can be maintained when the plaintiff has no standing under the FCA—that is, when the plaintiff is barred by statute from bringing a FCA claim. To support her arguments that the standing issue is irrelevant, Plaintiff relies upon *Robertson*, a case where an employee was allegedly discharged for reporting illegal activities to corporate management. *See id.* at 951. After recognizing a line of cases holding that § 3730(h) protects internal whistle blowers who do not actually file a *qui tam* action, the Fifth Circuit in *Robertson* distinguished those cases, holding that because the discharged employee conceded that he had not used the words "illegal," "unlawful," or "*qui tam*" when reporting the alleged illegal activities, his act of reporting was qualitatively different from the line of cases recognized. *See id.* Therefore, on that basis, the Fifth Circuit in *Robertson* held that the employee's activities were not protected by § 3730(h) and affirmed the trial court's dismissal. *See id.*

Plaintiff's arguments are persuasive. The Court decides this case in light of cases which broadly construe whistle-blowing statutes like the one at issue here. *See, e.g., NLRB v. Scrivener*, 405 U.S. 117, 122, 92 S.Ct. 798, 802, 31 L.Ed.2d 79 (1972) (broadly interpreting 29 U.S.C. § 158(a)(4) to include internal, or "intracorporate" whistleblowing, even where the conduct involved did not come under the literal terms of the statute). The Court holds today that the whistle-blower protection provision of the FCA forbids discrimination or retaliation against an employee who has made an intra-corporate complaint about fraud against the government, so long as that employee intends to file such an action and informs management clearly of that intention in accordance with *Robertson.* Given the purpose of the statute, on these facts, it is irrelevant whether a *qui tam* action was actually filed or was ultimately successful. Moreover, on these facts, it is equally irrelevant whether the Plaintiff is ultimately determined to have no standing. Other courts have so held. *See, e.g., United States ex rel. Ramseyer v. Century Healthcare Corp.*, 90 F.3d 1514 (10th Cir.1996)(denying plaintiff's claim because he had not proved sufficient notice); *Neal v. Honeywell, Inc.*, 33 F.3d 860, 864–65 (7th Cir.1994)("Nothing in the language or background of § 3730(h) suggests that, by paying enough to cause the government to forego suit, employers acquire the right to shoot the bearers of bad tidings."); *Clemes v. Del Norte County Unified Sch. Dist.*, 843 F.Supp. 583, 595–96 (N.D.Cal.1994)("This court does not believe that Congress intended for this section to be read so restrictively."); *United States ex rel. Kent v. Aiello*, 836 F.Supp. 720, 723–24 (E.D.Cal.1993)("Indeed, it has recently been held that a plaintiff who alleges that she suffered harm after making an internalcorporate complaint relative to fraud against the Government states a cause of action under section 3730(h); even if no lawsuit was ever filed by the Government or by another *qui tam* informant."); *X Corp. v. Doe*, 816 F.Supp. 1086, 1095–96 (E.D.Va.1993)(holding that lawyer's discussion of employer's potential *qui tam* liability was part of his job and, because lawyer did not indicate that he might bring such an action, employer was not on notice). In this case, Plaintiff alleges that she reported the alleged illegal activities to the chairman of Defendant company. Plaintiff's act of reporting is the type of activity recognized as protected in *Robertson.* Therefore, taking her allegations as true, as the Court must at

---

Moreover, discharge for pursuing a *qui tam* action, whether that pursuit takes the form of investigating, testifying, etc., is strikingly similar to discharge for refusing to commit an illegal act. Unlike the actions identified in *Guthrie*, these actions are *not* mutually exclusive. Indeed, this Court can fathom many factual situations where this type of conduct occurs simultaneously. This Court understands that the *Sabine Pilot* holding was a narrow exception dictated by public policy. However, the *Sabine Pilot* exception is not *that* narrow.

**710**

this juncture, Plaintiff has stated a claim upon which relief can be granted, and Defendant's Motion to Dismiss is **DENIED.**

 Alternatively, the Court finds that the purpose of the FCA supports a finding that Plaintiff has standing in this case to pursue a FCA action. After an exhaustive review of the history of *qui tam* actions and Article III standing requirements, one District Court has held that in order to have standing under the FCA, the *qui tam* plaintiff must have suffered an Article III injury in fact. According to that court, injury to the government is insufficient to create standing without direct injury to the plaintiff himself beyond costs of litigation. *See United States ex rel. Joyce Riley v. St. Luke's Episcopal Hosp.,* No. H–94–3996, 1997 WL 679105 (S.D.Tex. Oct.21, 1997). In light of the congressional purpose underlying the FCA and its plain language, this Court rejects the *St. Luke's* reasoning. Moreover, a close reading of *Robertson* reveals that the Fifth Circuit finds the standing question to be a nonissue on these facts. Indeed, in one of the few cases addressing the standing of a *qui tam* plaintiff, the Fifth Circuit described the FCA as a statute that "grants informers standing to sue and an award for successful action under the statute." *United States ex rel. Weinberger v. Equifax, Inc.,* 557 F.2d 456, 460 (5th Cir.1977). Thus, as an alternative basis for denying Defendant's Motion, this Court holds that Plaintiff had standing under the FCA to pursue a *qui tam* action in the first instance, thereby making applicable the retaliation provision invoked in this case.

For the above reasons, Defendants' Motion to Dismiss is **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the Fifth

Circuit Court of Appeals as may be appropriate in due course.

**IT IS SO ORDERED.**