**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-41192
Summary Calendar

YANKEE ENTERPRISES, INC.,

Plaintiff,

GREG M DYKEMAN

Appellee

VERSUS

DUNKIN'DONUTS INC.,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas

(1:95-CV-136)

May 21, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM[*]:

Dunkin' Donuts, Inc. appeals the district court's decision

denying its motion for sanctions pursuant to 28 U.S.C. § 1927.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Finding no abuse of discretion, we affirm.

Yankee Enterprises, Inc. is a franchisee that operates a Dunkin' Donuts store in Beaumont, Texas. In 1994, Yankee brought suit against Dunkin' Donuts alleging that Dunkin Donuts had breached the franchise agreement and violated the DTPA. A jury awarded Yankee $747.723.00. The Fifth Circuit reversed and rendered, holding that there was insufficient evidence of causation. *Yankee Enterprises, Inc. v. Dunkin' Donuts, Inc.*, No. 96-40735, slip op. (5th Cir. July 8, 1997). After the case was remanded to the district court, Dunkin' Donuts moved for sanctions pursuant to 28 U.S.C. § 1927, alleging various unreasonable and vexatious conduct by counsel for Yankee Enterprises. The district court denied the sanctions motion. Dunkin' Donuts timely appeals.

We review a denial of sanctions under 28 U.S.C. § 1927 for abuse of discretion. *Matta v. May*, 118 F.3d 410, 413 (5th Cir. 1997). Section 1927 applies to an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. In this case, most of the conduct alleged to be vexatious was allowed by the district court during trial. Typically, protection under § 1927 should come from the district court. This appeal presents a close case, but upon review of the record as a whole, we cannot say that the district court abused its broad discretion by denying the sanctions motion. *See Pease v. Pakhoed Corp.*, 980 F.2d 995 (5th Cir. 1993)(district court has broad discretion in denying sanctions under § 1927).

Accordingly, the judgment of the district court is AFFIRMED.