# UNITED STATES COURT OF APPEALS

# FIFTH CIRCUIT

―――――――

No. 00-10019

―――――――

LAWRENCE EDWARD SMITH,

                                    Petitioner - Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                    Respondent - Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-860-Y

January 3, 2001

Before DAVIS, EMILIO M. GARZA, Circuit Judges, and POGUE, Judge*

PER CURIAM:**

Lawrence Edward Smith ("Smith") is a Texas prisoner who is contesting the district court's

denial of his FED. R. CIV. P. 60(b) motion for relief from the dismissal of his 28 U.S.C. § 2254

petition. The district court denied Smith's § 2554 petition as time-barred. Smith asserts that his

mental incompetence prevented him from making a timely petition under § 2254, and therefore the

―――――――――――――

        *        Judge, of the U.S. Court of International Trade, sitting by designation.

        **        Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limitation period should have been equitably tolled. We affirm the denial of Smith's Rule 60(b) motion.

On October 4, 1999 Smith filed the federal habeas application from which he seeks relief under Rule 60(b). In addition to his request for § 2254 relief, Smith asked the district court to hold a hearing "on the matter of [his] ability to totally understand the written matter that presents itself here or the conceptual matter involved with this cause." The district court did not hold the hearing, and on November 18, 1999 it dismissed Smith's petition as time-barred due to the one-year statute of limitation prescribed by 28 U.S.C. § 2244(d) as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Smith responded to the denial of his § 2254 motion on December 4, 1999 with a document entitled "MOTION FOR RECONSIDERATION AND REQUEST FOR JUDICIAL NOTICE." In his motion, Smith argued that the limitations period should have been equitably tolled because he is mentally incompetent; his motion was denied on December 17, 1999. On December 27th 1999, Smith filed a notice of appeal that the district court construed as a Certificate of Appealability ("COA") and denied. Subsequently, we granted Smith's motion for a COA to review his Rule 60(b) motion.

Prior to analyzing the merits of Smith's appeal, we must first determine whether his notice of appeal from his Rule 60(b) motion was timely filed to ensure that jurisdiction exists to review his appeal. *See United States v. Cooper*, 135 F.3d 960, 961 (5th Cir. 1998). In a civil case a notice of appeal must be filed "within 30 days after the judgment or order appealed from is entered." FED. R. APP. P. 4(a)(1). On December 17, 1999 the district court entered an order dismissing Smith's December 4, 1999 Rule 60(b) mo tion. Accordingly, when Smith filed his notice of appeal on December 27, 1999 he was well within the thirty day time frame. Smith's appeal from the district

court's dismissal of his Rule 60(b) motion is therefore timely.

On appeal Smith argues that the district court abused its discretion when it dismissed his Rule 60(b) motion for relief from the district court's denial of his § 2254 application. Smith's December 4th motion has been liberally construed as a claim for relief under Rule 60(b)(1), legal mistake, or Rule 60(b)(6), extraordinary circumstances. Under Rule 60(b)(1) Smith argues that the district court committed a legal mistake when it failed to afford him notice and an opportunity to argue against application of the time bar. Alternatively, pursuant to Rule 60(b)(6) Smith asserts that his mental condition created the type of extraordinary circumstance that entitled him to equitable tolling, and therefore relief from the court's dismissal of his § 2554 motion.

We have stated that the goal of Rule 60(b) is to "strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). The authority to strike this balance rests with the district courts. Accordingly, we cannot disturb the district court's decision to deny Smith relief, unless its decision was "so unwarranted as to constitute an abuse of discretion." *Id*. at 402.

In the context of Rule 60(b) motions, we have stated that a movant must "demonstrate that he possesses a meritorious cause of action," and that his claim is extraordinary enough to warrant the district court vacating its judgment, rather than having the matter reviewed through the normal appellate process.[1] *Pease v. Pakhoed Corp.,* 980 F.2d 995, 998 (5th Cir. 1993).

Pursuant to Rule 60(b)(1), a movant may seek relief "from a final judgment, order, or

---

[1] A Rule 60(b) motion is not intended to allow a litigant to "vitiate the requirement [to file] a timely appeal," and should not be treated "as an appeal from the underlying judgment." *See Aucion v. K-Mart Apparel Fashion Corp.*, 943 F.2d 6, 8 (5th Cir. 1991).

proceeding for [one of] the following reasons: mistake, inadvertence, surprise, or excusable neglect."

In *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 694–96 (5th Cir.1983) *cert. denied* 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d. 103 (1983) we stated that the mistake "remedy is 'addressed to special situations justifying extraordinary relief.'" In Smith's Rule 60(b)(1) motion he failed to demonstrate that his claim warranted extraordinary relief, because he never alleged facts sufficient to support his contention that he is mentally incompetent. Although Smith mentioned in a supporting memorandum that the district court should hold a hearing on his ability to understand the proceedings, he did not allege that his mental incompetence should prevent the court from applying the AEDPA limitations period. Subsequently in his Rule 60(b) motion Smith argued that the limitations period should not apply because of his incompetence, but he failed to allege sufficient facts to support his claim of incompetence.[2] Consequently, Smith never demonstrated to the district court that his claim of incompetence was anything more than a bald assertion.

Despite his failure to adequately allege facts in support of his mental incompetence claim, Smith nevertheless contends that because the district court raised the AEDPA time bar *sua sponte* it was required to allow him an opportunity to argue against the application of the limitations period. We have previously held under Rule 4 and Rule 11 of the Rules Governing Section 2254 Cases that a court may *sua sponte* raise the AEDPA limitations period as a bar to the claimant's petition. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). While our cases suggest that there is a presumption in favor of affording a petitioner an opportunity to respond after an affirmative defense is raised *sua sponte*, we have never recognized a per se rule requiring that a district court always

---

[2]     Although Smith alleged in his Rule 60(b) motion that he had an IQ of 75 and an educational level of 3.9, he never verified, for example through an affidavit, that these facts were reliable.

4

provide a petitioner with this opportunity. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).

Because we do not recognize a per se rule entitling a petitioner to an opportunity to respond, Smith was required to provide some demonstration of facts to adequately alert the district court that it had erred when it failed to consider his mental incompetence as a justification for equitably tolling the AEDPA limitations period. In *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir.1998) *cert. denied* 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999), we stated that equitable tolling is only "appropriate [in] exceptional circumstances."[3] Further, we have noted that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant...or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) *cert. denied* 0 U.S. 0, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000) *citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

While we have previously indicated that a prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights, we have also made clear that a claim of incompetence does not automatically entitle a prisoner to equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 715–16 (5th Cir. 1999). Rather, before a prisoner is entitled to equitable tolling he must sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights.

Smith, however, failed to allege facts sufficient to support his claim of mental incompetence. He did not verify any of the documents in which he claimed incompetence, nor did he submit an

---

[3]     In *Davis*, our Circuit held that the limitation period in § 2244 for filing a habeas petition is not jurisdictional, and therefore may be equitably tolled. *Id.* at 810.

5

affidavit. As a consequence, Smith failed to demonstrate that he was entitled to a hearing regarding his equitable tolling argument. Accordingly, Smith is unable to prove that the district court abused its discretion when it decided not to grant him relief under Rule 60(b)(1).

In addition, Smith argues that his mental incompetence was an extraordinary circumstance that justified Rule 60(b)(6) relief. Under Rule 60(b)(6) a petitioner is entitled to relief if he can show "any other reason [than those listed in (b)(1) through (b)(5) that] justifi[es] relief from the operation of the judgment." We have interpreted the language of the rule to mean that relief is only available when the petitioner's case presents extraordinary circumstances. *See Heirs of H.P. Guerra v. United States of America*, 207 F.3d 763, 767 (5th Cir. 2000); *Government Finan. Serv. One Ltd. Partnership v. Peyton Place, Inc.*, 62 F.3d 767, 773–74 (5th Cir. 1995). Although mental incompetence, if sufficiently severe, may qualify as an extraordinary circumstance that justifies equitable tolling and relief from a judgment, Smith failed to demonstrate that he suffers from a severe mental impediment. Smith failed to provide the district court with facts regarding the degree or duration of his mental incompetence. As a consequence, Smith has failed to demonstrate that his condition was the type of extraordinary circumstance that merited equitable tolling, and therefore Rule 60(b)(6) relief.

For the foregoing reasons, we AFFIRM.