{¶ 47} I concur in judgment only because I disagree with part of the lead opinion's analysis.
 {¶ 48} The lead opinion correctly states the criteria for a movant to prevail on a Civ.R.60(B) motion: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R.60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R.60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTEAutomatic Electric Inc. v. Arc Industries, Inc. (1976),47 Ohio St.2d 146, syllabus at paragraph two.
 {¶ 49} An analysis of a 60(B) motion, thus, must begin with the threshold question of the meritorious defense. In the case at bar, I disagree with the lead opinion's analysis of that defense. In her complaint tenant-appellee sought a return of her security deposit, in addition to attorney fees and damages caused as a result of her eviction. She further alleges that the eviction resulted from the landlord's failure to repair or correct numerous housing violations and from landlord's failure to have a tenancy occupancy permit.
 {¶ 50} In her answer, landlord-appellant denied these allegations and alleged, in part, that the tenant and others damaged the property.[1]
 {¶ 51} Further, in her motion for relief from judgment, landlord asserts that she has provided evidence of the cost of the repairs of the damages allegedly caused by tenant. The landlord-appellant's defense to the underlying claim in the case is what must provide a basis for a meritorious defense or claim, not the procedural problems surrounding the motion for summary judgment. Those procedural problems are relevant to the second stage of the GTE criteria.
 {¶ 52} Furthermore, tenant-appellee has expressly conceded that movant has satisfied the first prong of the GTE test. Specifically, appellee says: "Appellant correctly asserts that she has a meritorious claim or defense of relief if granted * * *." Appellee's Brief, p. 4. Thus the threshold criterion of the GTE test has been satisfied, but not, I believe, for the reasons the lead opinion presents.
 {¶ 53} Nor do I agree with the analysis of the separately concurring opinion. I believe it crucial to distinguish between an appeal from a decision granting a motion for summary judgment and an appeal from a denial of a Civ.R.60(B) motion.
 {¶ 54} Here, defendant failed to appeal the first decision, that is, the granting of a motion for summary judgment. The case law is emphatic that a Civ.R.60(b) cannot be used as a substitute for a direct appeal. Manigault v. Ford Motor Corp. (1999),134 Ohio App.3d 402, citing Doe v. Trumbull Cty. Children Svcs. Bd.
(1986), 28 Ohio St.3d 128; National Amusements, Inc. v.Springdale (1990), 53 Ohio St.3d 60, 63; Justice v. LutheranSocial Services of Central Ohio (1992), 79 Ohio App.3d 439, 442. In other words, a Civ.R.60(B) motion is not the appropriate method to attack a trial court's legal errors. Kay v. MarcGlassman Inc. (Feb. 1, 1995), Summit App. No. 16726, 1995 Ohio App. LEXIS 389, *12, rev. on other grounds (1996)76 Ohio St.3d 18.
 {¶ 55} In the case at bar, there would be no "wholly impossible situation" if the defendant had timely filed her appeal from the decision granting the motion for summary judgment. It is her late filing that causes any extra burden and rightfully so. But the burden is not that onerous.
 {¶ 56} The Ohio Supreme Court has specified that to prevail on a 60(B) motion, the movant must have "a meritorious defense or claim to present if relief is granted." GTE Automatic Elec. v.ARC Industries (1976), 47 Ohio St.2d, paragraph two of the syllabus. Showing a meritorious defense does not require proof, however, that movants will prevail. The requirement under Rule 60(B) requires that moving parties show merely "allegations" that, "if established at trial," would constitute a valid claim or complete defense. Tozer v. Charles A. Krause Milling Co.
(3rd Cir. 1951), 189 F.2d 242, 244.
 {¶ 57} Such allegations, moreover, are "meritorious if they contain `even a hint of a suggestion' which, if proven at trial, would constitute a [valid claim] or a complete defense." Keegelv. Key West Caribbean Trading Co., Inc. (D.C. Cir. 1980),627 F.2d 372, 374, quoting Moldwood Corp. v. Stutts (5th Cir. 1969), 410 F.2d 351, 352. However, movants must recite specific facts to support their claims or defenses. Pease v. PakhoedCorp. (5th Cir. 1993), 980 F.2d 995, 998-1000.
 {¶ 58} The purpose of requiring a movant to show a meritorious claim is to convince the court that granting "relief will not * * * have been a futile gesture * * *." Boyd v.Bulala (4th Cir. 1990), 905 F.2d 764, 769. As one court stated: a meritorious claim or defense requirement "guards the gateway to Rule 60(b) relief." Teamsters, Local 59 v. Superline Transp.Co. (1st Cir. 1992), 953 F.2d 17, 20.
 {¶ 59} In any event, plaintiff has conceded that defendant has a meritorious claim, and I agree with the lead opinion's analysis of the other 60(B) criteria. I thus concur with the majority but only in judgment.
[1] The complaint and answer include many more allegations than I have listed here.